LEON DAYAN (State Bar No. 153162)
ABIGAIL V. CARTER*
RAMYA RAVINDRAN*
LANE M. SHADGETT*
J. ALEXANDER ROWELL*
**BREDHOFF & KAISER P.L.L.C.**
805 Fifteenth Street NW, Suite 1000
Washington, DC 20005
Telephone: (202) 842-2600
Facsimile: (202) 842-1888
ldayan@bredhoff.com
acarter@bredhoff.com
rravindran@bredhoff.com
lshadgett@bredhoff.com
arowell@bredhoff.com
*Application *pro hac vice* forthcoming

Daniel Feinberg, SBN 135983
Catha Worthman, SBN 230399
Anne Weis, SBN 336480
**FEINBERG, JACKSON, WORTHMAN & WASOW, LLP**
2030 Addison Street, Suite 500
Berkeley, CA 94704
Tel. (510) 269-7998
Fax (510) 269-7994
dan@feinbergjackson.com
catha@feinbergjackson.com
anne@feinbergjackson.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No.: 3:25-cv-03070-JD <br><br> **DECLARATION OF DENISE NEMETH-GREENLEAF** |

Declaration of Denise Nemeth-Greenleaf
Case No. 3:25-cv-03070-JD

## DECLARATION OF DENISE NEMETH-GREENLEAF

I, Denise Nemeth-Greenleaf, declare as follows:

1. I am over 18 years of age and competent to give this declaration. This declaration is based on my personal knowledge, information, and belief.

2. I am an Industrial Program Specialist at the Department of the Navy ("Navy"), within the Department of Defense. I work at the Portsmouth Naval Shipyard in Kittery, Maine. I have worked for the Navy for 37 years, since October of 1987. As an Industrial Program Specialist, I monitor the cost, quality and schedule for various product lines and project lines of parts that the Navy manufactures for use in overhauling ships.

3. I am currently Vice-Chair of the American Federation of Government Employees ("AFGE") Defense Conference ("DEFCON"). DEFCON is an organization comprised of various AFGE affiliates that represent nearly 250,000 civilian employees across the Department of Defense ("DOD"). DEFCON is comprised of the following caucuses: Air Force Caucus, Air Force Materiel Command, Army Caucus, Army and Air Force Exchange Services (workers who work in retail and convenience stores in military bases throughout the world), Defense Commissary Agency (workers at DOD commissaries), Defense Contract Management Agency, Defense Contract Audit Agency (workers who audit defense contractors to ensure tax payers get a fair deal on government contracts), Defense Finance and Accounting Service (which handles employee payroll), Defense Health Agency, Defense Information Systems Agency, Defense Logistics Agency (workers who transport equipment and parts around the world), Depots and Arsenals Caucus (workers in facilities housing certain equipment), Marine Corps, National Guard, Navy Caucus, Navy Region Southeast Council 243 (wage grade industrial and public works employees, such as forklift operators), and Non-Appropriated Fund Caucus (workers in roles paid from the sale of goods and services rather than congressionally appropriated funds—for instance, workers in child care centers on military bases).

4. DEFCON's role is to coordinate AFGE's DoD affiliates and provide them with up-to-date information and guidance, including advice and training on topics such as collective

Declaration of Denise Nemeth-Greenleaf                                                                 1
Case No. 3:25-cv-03070-JD

bargaining, Merit Systems Protections Board procedures, Federal Labor Relations Authority conflict resolution, Equal Employment Opportunity compliance, and others.

5. I am the chair of the Navy Caucus in DEFCON. The Navy Caucus includes more than 50 AFGE affiliates that vary in size from approximately 50 members to thousands of members each. Those affiliates represent all types of Navy civilian employees, including administrative workers, instructors, accountants, wage-grade workers, public works department workers, electricians, emergency responders, and medical personnel. A lot of their members are veterans and disabled veterans. It is my understanding that the March 27, 2025 Executive Order titled "Exclusions from Federal Labor Management Relations Programs" ("Exclusion Order") covers all of these Navy workers other than police officers and firefighters.

6. I am also a member of AFGE Local 2024 ("Local 2024" or the "Union"). I have been a member of Local 2024 for approximately 15 years.

7. Local 2024 represents a bargaining unit of approximately 500 civil servants who work for the Navy in Maine and New Hampshire. The unit includes a wide variety of business and administrative employees, including those who work in accounting and finance, as well as instructors for safety and environmental training, and police officers. Again, the Exclusion Order covers all of these workers other than the police officers.

8. Local 2024's purpose is to advance the interests of bargaining unit members in their federal employment, including ensuring a safe and fair workplace for all members. As the exclusive bargaining representative of these workers, the Union provides many services to members. Important functions of the Union include collective bargaining with the Navy to obtain a favorable collective bargaining agreement ("CBA"); pursuing grievances and arbitrations against the agency to enforce the terms and conditions of the CBA on behalf of workers; and providing other assistance and support to bargaining unit employees, including by ensuring proper worker safety and industrial health training and providing veterans with PTSD a safe work environment.

Declaration of Denise Nemeth-Greenleaf                                                                 2
Case No. 3:25-cv-03070-JD

9. The Exclusion Order will significantly impact DEFCON's and Local 2024's abilities to provide the above services and to accomplish their missions. The Executive Order will also significantly impact bargaining unit workers.

10. If the Union is no longer the exclusive bargaining representative of the unit, the Union cannot enforce the CBA against the Navy. The CBA provides important rights and protections to workers like me. For instance, the CBA:

   a. Sets terms and conditions for working hours, overtime, sick leave, holidays, and paid time off for workers in the unit.
   b. Imposes safety and health requirements to ensure the welfare of workers in their place of employment.
   c. Provides for a telework program.
   d. Establishes protections for workers regarding reduction-in-force ("RIF") actions and procedures.
   e. Establishes procedures for and limits on disciplinary and adverse actions against workers.
   f. Provides for an Employee Assistance Program for individuals who have problems associated with alcohol, drug, marital, family, legal, financial, stress, attendance, and other personal concerns.
   g. Establishes grievance and arbitration procedures for employees and the Union to resolve disputes with the agency over employment matters.
   h. Provides for reasonable and necessary official time, which allows bargaining unit employees to perform union representation activities during time the employee otherwise would be in a duty status, without loss of pay or charge to annual leave.

Without the Union to represent them and enforce the CBA, workers like me will not have the benefit of those rights and protections going forward. I understand that the Navy may also rescind the CBA under the Executive Order.

Declaration of Denise Nemeth-Greenleaf                                                              3
Case No. 3:25-cv-03070-JD

11. The Union's and DEFCON's staff and activities are funded through members' voluntary dues, most of which are paid through payroll deduction from their pay. If AFGE can no longer receive dues through payroll deduction under the Executive Order, that will make it significantly more difficult for the Union and DEFCON to be able to continue to function or provide any of their services or protections to federal employees as listed above.

12. Official time is very important to enable bargaining unit workers with union roles to perform representative activities on behalf of their coworkers while on government time. Representational activities performed during official time can include working with management to efficiently resolve disputes over workplace problems, negotiating contracts, representing coworkers in grievances and disciplinary actions, ensuring safe working conditions and procedures, enforcing protections from unlawful discrimination and retaliation, and providing workers with a voice in determining working conditions. Removing Union representatives from official time will hamstring the Union's ability to perform its fundamental functions of representing members in their daily workplace lives.

13. Because of the Exclusion Order, workers are afraid to speak out or raise workplace concerns. Local 2024 unit members have relied on the Union to represent them because they are afraid of retaliation by management. Without the Union as their exclusive representative, there is no representation to prevent that. I understand that workers in the unit are also afraid to voice disapproval of the current administration, because they are worried about further executive action aimed at silencing federal unions.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on April 1, 2025, in Kittery Point, Maine

*Denise Nemeth-Greenleaf*
Denise Nemeth-Greenleaf

Declaration of Denise Nemeth-Greenleaf                                         4
Case No. 3:25-cv-03070-JD