LEON DAYAN (State Bar No. 153162)
ABIGAIL V. CARTER*
RAMYA RAVINDRAN*
LANE M. SHADGETT*
J. ALEXANDER ROWELL*
**BREDHOFF & KAISER P.L.L.C.**
805 Fifteenth Street NW, Suite 1000
Washington, DC 20005
Telephone: (202) 842-2600
Facsimile: (202) 842-1888
ldayan@bredhoff.com
acarter@bredhoff.com
rravindran@bredhoff.com
lshadgett@bredhoff.com
arowell@bredhoff.com
*Application *pro hac vice* forthcoming

Daniel Feinberg, SBN 135983
Catha Worthman, SBN 230399
Anne Weis, SBN 336480
**FEINBERG, JACKSON, WORTHMAN & WASOW, LLP**
2030 Addison Street, Suite 500
Berkeley, CA 94704
Tel. (510) 269-7998
Fax (510) 269-7994
dan@feinbergjackson.com
catha@feinbergjackson.com
anne@feinbergjackson.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No.: 3:25-cv-03070-JD <br><br> **DECLARATION OF ELIZABETH TURNER-NICHOLS** |

Declaration of Elizabeth Turner Nichols
Case No. 3:25-cv-03070-JD

# DECLARATION OF ELIZABETH TURNER-NICHOLS

I, Elizabeth Turner-Nichols declare as follows:

1. I am over 18 years of age and competent to give this declaration. This declaration is based on my personal knowledge, information, and belief.

2. I am a program management analyst in facility planning at the VA Palo Alto Health Care System. I have worked for the Department of Veterans Affairs for more than 35 years.

3. I am the President of the American Federation of Government Employees Local 2110 ("Local 2110" or the "Union"). I am also the 12th District Representative for National VA Council, supporting and representing local unions across California and Nevada.

4. Local 2110 represents a bargaining unit of approximately 4,000 employees of the Department of Veterans Affairs at the VA Palo Alto Health Care System ("Palo Alto VA"). Local 2110 represents substantially all eligible—i.e., non-management—employees at the Palo Alto VA, including nurses, doctors, mental health providers, food service workers, housekeepers, social workers, clerical employees, custodians, public safety officers, and many others. The March 27, 2025 Executive Order titled "Exclusions from Federal Labor Management Relations Programs" ("Executive Order") appears to cover all of the workers in Local 2110's bargaining unit other than police and fire fighters. I am not aware of any represented employees at the Palo Alto VA working on national security issues and was surprised to hear us categorized that way.

5. Local 2110's mission is to advocate for dignity, safety, and fairness on the job so the Department of Veterans Affairs can more effectively serve our nation's veterans. As the exclusive bargaining representative of these workers, Local 2110 and other locals across District 12 provide many services, including working in partnership with agency management to ensure the goals of the Master Collective Bargaining Agreement ("MCBA") are fulfilled; consulting with management about potential changes and soliciting feedback from workers; filing and negotiating grievances to enforce the terms and conditions of the MCBA; educating both

Declaration of Elizabeth Turner-Nichols                                                                                                   1
Case No. 3:25-cv-03070-JD

1  employees and supervisors about their rights and responsibilities and the role of the Union in
2  facilitating a safe, fair, and productive work environment; pursuing arbitrations on behalf of
3  workers; helping employees to access outside resources and navigate internal processes; and
4  providing a space for workers to voice their needs and concerns.

5  6. I expect the Executive Order to have an immediate adverse effect on Local 2110's
6  ability to provide these services to unit members and to accomplish its mission. The Executive
7  Order will also have an immediate adverse impact on workers in the bargaining unit.

8  7. If the Union is no longer the exclusive bargaining representative of the unit, the
9  Union cannot enforce the MCBA. The current MCBA went into effect on August 8, 2023 and
10 would be expected to renew in 2026. The MCBA provides important rights and protections to
11 workers at the Palo Alto VA, including (a) setting terms and conditions for working hours,
12 overtime, sick leave, holidays, and paid time off for workers in the unit; (b) imposing safety and
13 health requirements to ensure the welfare of all Palo Alto VA employees and our patients; (c)
14 establishing protections and procedures for workers regarding reduction-in-force and individual
15 disciplinary actions; (d) providing for an Employee Assistance Program for workers who have
16 problems associated with alcohol, drug, family, legal, financial, and other personal concerns; (e)
17 creating alternative dispute resolution, grievance, and arbitration procedures through which
18 employees, the Union, and agency management resolve disagreements and enforce the MCBA;
19 (f) guaranteeing official time, which allows bargaining unit employees like me to perform union
20 representation activities during times when I would otherwise be in a duty status, without loss of
21 pay or charge to annual leave.

22 Without the Union to represent them and enforce the MCBA, workers at the Palo Alto
23 VA will not have the benefit of those rights and protections going forward. I understand that the
24 Department of Veterans Affairs is also likely to rescind the MCBA under the Executive Order.

25 8. As a result of the Executive Order, numerous pending grievances to vindicate
26 workers' rights under the MCBA will be left unresolved. At this time, I would estimate that
27 Local 2110 has approximately 20 pending grievances, not including dozens of grievances related
28 Declaration of Elizabeth Turner-Nichols                                                                                     2
   Case No. 3:25-cv-03070-JD

to the administration's recent return-to-office mandate that have been consolidated into a national grievance brought by the National VA Council.

9. Voluntary dues paid by approximately 1,600 Local 2110 members fund the Union's activities. Most of those dues are collected through voluntary payroll deductions. If AFGE can no longer receive dues through payroll deduction under the Executive Order, that will make it significantly more difficult for the Union to continue to function and to provide the services and protection to unit members listed above.

10. Official time is critically important to enable me and other Union officers to represent VA employees. Representational activities during official time include working collaboratively with Palo Alto VA management to solve workplace problems or implement new initiatives, talking with fellow employees about their rights and management's rights under the MCBA, coordinating with other locals and identifying trends or issues across Department of Veterans Affairs facilities, and representing workers through the grievance process. Although my Union officer colleagues and I are committed to serving our members, the lack of official time will make it much more difficult and will severely limit our ability to work collaboratively with agency management during business hours.

11. I have been talking to members at the Palo Alto VA and across District 12 and workers are very concerned about the effect of the Executive Order on their ability to take collective action through the Union. Collective bargaining ensures a fair and balanced workplace by creating a safe space to have a voice in the conditions of employment. By removing collective bargaining and restricting employee rights, the Executive Order undermines the guarantee of due process and makes workers reluctant to raise issues related to health, safety, and working conditions

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed April 1, 2025, in Washington, D.C.

*Elizabeth Turner-Nichols*

Elizabeth Turner-Nichols

Declaration of Elizabeth Turner-Nichols     3
Case No. 3:25-cv-03070-JD