LEON DAYAN (State Bar No. 153162)
ABIGAIL V. CARTER*
RAMYA RAVINDRAN*
LANE M. SHADGETT*
J. ALEXANDER ROWELL*
**BREDHOFF & KAISER P.L.L.C.**
805 Fifteenth Street NW, Suite 1000
Washington, DC 20005
Telephone: (202) 842-2600
Facsimile: (202) 842-1888
ldayan@bredhoff.com
acarter@bredhoff.com
rravindran@bredhoff.com
lshadgett@bredhoff.com
arowell@bredhoff.com
*Application *pro hac vice* forthcoming

Daniel Feinberg, SBN 135983
Catha Worthman, SBN 230399
Anne Weis, SBN 336480
**FEINBERG, JACKSON, WORTHMAN & WASOW, LLP**
2030 Addison Street, Suite 500
Berkeley, CA 94704
Tel. (510) 269-7998
Fax (510) 269-7994
dan@feinbergjackson.com
catha@feinbergjackson.com
anne@feinbergjackson.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>Defendants. | Case No.: 3:25-cv-03070-JD<br><br>**DECLARATION OF DANIEL T. RONNEBERG** |

Declaration of Daniel T. Ronneberg
Case No. 3:25-cv-03070-JD

# DECLARATION OF DANIEL T. RONNEBERG

I, Daniel T. Ronneberg, declare as follows:

1. I am over 18 years of age and competent to give this declaration. This declaration is based on my personal knowledge, information, and belief.

2. I am the president of the Federal Aviation Administration Employees Union, Local 1653, District Council 20, American Federation of State, County and Municipal Employees, AFL-CIO ("AFSCME Local 1653" or the "Union"). AFSCME Local 1653 is affiliated with AFSCME District Council 20. District Council 20, through its constituent local unions like Local 1653, represents federal civilian employees in agencies and departments across the federal government.

3. Both now and before becoming the local union president, I have been employed by the Federal Aviation Administration ("FAA") as a Regulation Analyst in the Office of Rulemaking. The FAA is an administration within the U.S. Department of Transportation ("DOT"). I was previously an Aviation Safety Inspector for the FAA. The FAA's mission is to provide the safest, most efficient aerospace system in the world. I have been employed with the FAA for 15 years and I am a veteran, having previously served in the U.S. Air Force for 14 years as a pilot.

4. AFSCME Local 1653 represents a bargaining unit of over 2,000 non-supervisory civil servants who work for the FAA. These employees include Aviation Safety Inspectors, Regulation Analysts, Accident Investigators, Economists, Computer Scientists, Program Managers, Administrative Staff and Office Assistants, Operation Research Analysts, Policy Analysts, Technical Operations Specialists, Airport Inspectors, and others. The Local also represents Attorneys at FAA working in the Air Traffic Organization, Aviation Safety, and the General Counsel's Office. Also in the bargaining unit are employees who work within the Air

Traffic Organization and Aviation Safety departments at the FAA's headquarters in Washington, D.C.

**Speech and Petitioning Activity**

5. AFSCME Local 1653 has been outspoken in opposing Trump administration policies that we believe are unlawful. Since President Trump took office, my local has filed almost 40 grievances under the negotiated grievance procedure challenging the FAA's actions under the new administration, including grievances related to issues around telework, return-to-office, and unisex bathrooms.

6. On February 19, 2025, several unions representing federal employees, including AFSCME and the American Federation of Government Employees (AFGE), brought suit in *AFGE, at al. v. OPM and Ezell*, Case No. 3:25-cv-01780 (N.D. Cal. filed Feb. 19, 2025) against OPM and Director Ezell for illegally terminating probationary employees and sending agencies "standardized notices of termination, drafted by OPM, that falsely state that the terminations are for performance reasons."

7. In that case, I provided a declaration in my capacity as the president and a member of AFSCME Local 1653 that supported the litigation and that was critical of the government's actions to illegally terminate AFSCME Local 1653 members at the FAA and thousands of other federal employees. This declaration provided facts that were important to proving AFSCME's case in the litigation.

8. On February 28, 2025, Judge William Alsup granted a temporary restraining order (TRO) that temporarily enjoined President Trump's administration from terminating probationary employees at six federal agencies and held that OPM's memos directing the termination of probationary workers were "unlawful, invalid, and must be stopped and rescinded." On March 13,

2025, Judge Alsup held a preliminary injunction hearing and extended the TRO, converting it into a preliminary injunction as well as ordering the government to reinstate thousands of probationary employees.

9. AFSCME's highly publicized litigation activity in opposing the Trump administration's actions to indiscriminately terminate thousands of probationary employees under the false pretext of "performance" has drawn the attention of the Trump administration.

10. In addition to AFSCME's litigation challenging the current Administration's termination of probationary employees and other executive actions, which have come to the attention of the Trump administration, President Trump has previously targeted FAA employees. On January 31, 2025, at a White House press briefing, the President suggested, without any evidence, that diversity initiatives at the FAA could be to blame for a deadly crash between a passenger plane and an Army helicopter in Washington, D.C.

**Effects of the March 27, 2025 Executive Order**

11. The injuries suffered by AFSCME and its members who are affected by the President's March 27, 2025 executive order ("EO") titled *Exclusions from Federal Labor-Management Relations Programs* are ongoing or imminent and will persist unless this Court intervenes.

12. Our membership is well informed and paying close attention to this attack on our collective bargaining rights, so we understand that while the EO does not *yet* deny us our collective bargaining rights, the process it sets up under Section 5, which delegates to the Secretary of Transportation the authority to issue orders excluding additional employees who should lose their collective bargaining rights under the FSLMRS, could very well result in us losing ours.

13. AFSCME Local 1653 bargaining unit members are terrified of losing their

collective bargaining rights under the Federal Service Labor-Management Relations Statute (FSLMRS). Our collective bargaining rights and union representation have been crucial to protect our livelihoods and the safety mission of the FAA, especially in the face of the termination of many probationary employee members. We know that without collective bargaining rights and exclusive representation, it will be significantly more difficult for the union to provide services to its members and fulfill its representational duties.

14. Additionally, through the Collective Bargaining Agreement ("CBA"), the union has secured important rights and protections regarding terms and conditions of employment, benefits, rules, a grievance procedure and other procedures of the workplace. This includes establishing a negotiated grievance procedure to fairly resolve disputes between bargaining unit employees and management; setting terms and conditions for leave, hours of duty, performance evaluations, and overtime; establishing a recognition and award program; establishing professional development and training standards; establishing occupational health and safety standards; and providing transportation subsidies, among many other workplace protections and benefits. Under the EO, those rights and protections for members would be removed.

15. I have spoken with members of AFSCME Local 1653, and although they are not yet definitively excluded from collective bargaining rights by the EO, they fear that they will be excluded under Section 5 of the EO, which delegates authority to the Secretary of Transportation "to issue orders excluding any subdivision of the Department of Transportation, including the Federal Aviation Administration, from Federal Service Labor-Management Relations Statute coverage." This fear is heightened by the fact that the FAA is among a small number of agencies specifically named in the EO as agencies that may have collective bargaining rights stripped away. The threat of having our union's collective bargaining representation suspended has made our

4

members hesitant to speak out in public against the Administration for fear that it may increase the likelihood that they lose their collective bargaining rights as a result.

16. I am concerned that, unless this Court intervenes in this case, AFSCME Local 1653 members will be targeted next by the EO. This looming threat of losing collective bargaining rights is having a chilling effect on union members' ability and willingness to associate with each other, engage in concerted activity, and speak up on workplace and public interest issues.

17. As a result of the March 27 Executive Order, I fear and am very concerned that by continuing to fight for our members at the FAA, especially including in our ongoing litigation regarding the mass termination of probationary employees, we are risking our collective bargaining rights.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at Washington, D.C. on the 2nd day of April, 2025.

Daniel T. Ronneberg

5

Declaration of Daniel T. Ronneberg
Case No. 3:25-cv-03070-JD