LEON DAYAN (State Bar No. 153162)
ABIGAIL V. CARTER*
RAMYA RAVINDRAN*
LANE M. SHADGETT*
J. ALEXANDER ROWELL*
**BREDHOFF & KAISER P.L.L.C.**
805 Fifteenth Street NW, Suite 1000
Washington, DC 20005
Telephone: (202) 842-2600
Facsimile: (202) 842-1888
ldayan@bredhoff.com
acarter@bredhoff.com
rravindran@bredhoff.com
lshadgett@bredhoff.com
arowell@bredhoff.com
*Application *pro hac vice* forthcoming

Daniel Feinberg, SBN 135983
Catha Worthman, SBN 230399
Anne Weis, SBN 336480
**FEINBERG, JACKSON, WORTHMAN & WASOW, LLP**
2030 Addison Street, Suite 500
Berkeley, CA 94704
Tel. (510) 269-7998
Fax (510) 269-7994
dan@feinbergjackson.com
catha@feinbergjackson.com
anne@feinbergjackson.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No.: 3:25-cv-03070-JD <br><br> **DECLARATION OF TROY TINGEY** |

Declaration of Troy Tingey, No. 3:25-cv-03070-JD

# DECLARATION OF TROY TINGEY

I, Troy Tingey, declare as follows:

1. I am over 18 years of age and competent to give this declaration. This declaration is based on my personal knowledge, information, and belief.

2. I am the President of Council 214 in the American Federation of Government Employees ("AFGE"). Council 214 is the exclusive representative of a bargaining unit of approximately 25,000 to 30,000 civil federal employees in the Air Force Materiel Command ("AFMC"). AFMC is a command within the U.S. Department of Air Force, within the Department of Defense.

3. AFMC is in charge of, among other things, maintaining Air Force equipment, including large aircraft, small engines, and landing gear. Workers in the bargaining unit include mechanics, machinists, painters, sand blasters, schedulers, program managers, planners, and a variety of General Schedule employees. These employees work at several Air Force bases, including at Hill Air Force Base ("AFB") in Ogden, Utah, Robins AFB in Warner Robins, Georgia, Tinker AFB in Oklahoma City, Oklahoma, and Wright-Patterson AFB in Dayton, Ohio. On its face, the March 27, 2025 Executive Order titled "Exclusions from Federal Labor Management Relations Programs" ("Exclusion Order") appears to cover all of the workers in Council 214's bargaining unit other than the firefighters and policemen that we have on a few bases.

4. I am also a union representative for Local 1592, which represents about 8000 workers at the Hill Air Force Base. Local 1592 covers a variety of types of workers on the base, including the AFMC workers described above, plus other units of Defense Commissary Agency workers (grocery stores), Army Air Force Exchange Service workers (retail stores), and Non-appropriated division workers (such as childcare workers).

5. Council 214's mission is to advocate for and promote the interests of AFMC workers in their federal employment, including working for a safe and fair workplace for all members. As the exclusive bargaining representative of these workers, Council 214 provides

Declaration of Troy Tingey                                                                 1

many services to all bargaining unit members. Core functions include collective bargaining with the agency to obtain a fair and reasonable Master Labor Agreement ("MLA"); filing and negotiating grievances against the agency to enforce the terms and conditions of the MLA; pursuing arbitrations on behalf of workers to enforce the MLA; and providing other support, guidance, and resources to bargaining unit employees. Local 1592 similarly advocates for and supports bargaining unit members at Hill AFB, including negotiating and enforcing local collective bargaining agreements ("CBA") for local units that supplement the MLA; bringing grievances and arbitrations; and providing information, training, and support to members.

6. As written, the Exclusion Order will have an adverse effect on Council 214's and Local 1592's abilities to provide these services to unit members and to accomplish their missions. Implementing the Order will also have an adverse impact on workers in the bargaining unit.

7. If the Council 214 is no longer the exclusive bargaining representative of the unit, the MLA cannot be enforced against the agency. The MLA, which has been in effect for more than 10 years, provides important rights and protections to workers. For instance, the MLA:

   a. Sets terms and conditions for working hours, overtime, sick leave, holidays, and paid time off for workers in the unit.
   b. Imposes safety and health requirements to ensure the welfare of workers in their place of employment.
   c. Establishes that the agency must negotiate over reduction-in-force ("RIF") actions and procedures with the relevant local union.
   d. Imposes procedures for and limitations on disciplinary and adverse actions against workers.
   e. Provides for an Employee Assistance Program for individuals who have problems associated with alcohol, drug, marital, family, legal, financial, stress, attendance, and other personal concerns.

Declaration of Troy Tingey                                                                                 2

  f. Establishes grievance and arbitration procedures for employees and the Union to resolve disputes with the agency over employment matters.

  g. Provides for official time and office space, which allows bargaining unit employees to perform union representation activities during certain amounts of time the employee otherwise would be in a duty status, without loss of pay or charge to annual leave, and on agency property.

  Without Council 214 and Local 1592 to represent them and enforce the MLA and supplemental CBA, bargaining unit workers will not have the benefit of those rights and protections going forward. I understand that the AFMC is also likely to rescind the MLA and CBA under the Exclusion Order, which will deprive the Council of the binding contract that it negotiated. Otherwise, the MLA will not expire until 2027.

  8. Without the MLA and supplemental CBA, for instance, AFMC will be able to fire workers without due process; change schedules and shifts without notice; remove overtime; change the aircraft and parts that workers are maintaining without notice and without regard to whether workers have been properly trained and certified to work on that equipment. AFMC could also deploy workers to bases across the country, forcing workers to move far from home.

  9. As a result of the Exclusion Order, it appears that pending grievances and arbitrations to vindicate workers' rights, including under the MLA, will be left unresolved. Council 214 has one pending grievance, and Local 1592 has two pending grievances, regarding telework and return-to-work issues. Local 1592 also has several pending grievances regarding performance appraisal issues, as well as a pending arbitration regarding changes to employment conditions for parking.

  10. Council 214's and Local 1592's staff and activities are funded through members' voluntary dues, most of which are paid through payroll deduction from their pay. If AFGE can no longer receive dues through payroll deduction under the Exclusion Order, that will make it significantly more difficult for Council 214 and Local 1592 to continue to function and to provide the services and protection to unit members listed above.

Declaration of Troy Tingey  3

11.  Official time and office space are extremely important to the unions.  If the Exclusion Order removes official time and space, it will seriously hinder our ability to represent workers and negotiate with management regarding employment conditions or disciplinary proceedings.  If we cannot meet with workers and management in the workplace during official time, it will be much more difficult if not impossible to reach resolution on conflicts before they are escalated to more formal procedures, and we will be effectively precluded from representing workers during those formal procedures if they are during work time.

12.  The Exclusion Order is chilling workers' speech and activity.  Given that implementation of the Exclusion Order would remove our collective bargaining rights, workers are afraid to raise issues or concerns with management, because they fear more retaliation from the federal government.  I have had workers tell me issues that they want me to raise because they are afraid to raise them.  Workers are also afraid that they are being surveilled or watched while at work or while working on government equipment.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed April 1, 2025, in Ogden, Utah.

Signed by:

Troy Tingey

Declaration of Troy Tingey                                                                                                   4