Leon Dayan (State Bar No. 153162)
Abigail V. Carter*
Ramya Ravindran*
Lane M. Shadgett*
J. Alexander Rowell*
**BREDHOFF & KAISER P.L.L.C.**
805 Fifteenth Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
Facsimile: (202) 842-1888
ldayan@bredhoff.com
acarter@bredhoff.com
rravindran@bredhoff.com
lshadgett@bredhoff.com
arowell@bredhoff.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs* (Additional Counsel listed in signature block)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-03070-JD<br><br>**JOINT STATEMENT ON OTHER LAWSUITS REGARDING EXECUTIVE ORDER NO. 14,251** |

Pursuant to the Court's April 30, 2025, Order, the Parties file this Joint Statement identifying other lawsuits in addition to this case ("*AFGE v. Trump*") in federal or state court that challenge the March 27, 2025 Executive Order, "Exclusions from Federal Labor-Management Relations Programs" ("Executive Order").

1. The Parties are aware of two cases in which other unions are challenging the validity of the Executive Order:

   a. *National Treasury Employees Union v. Donald J. Trump et al.*, Case No. 1:25-cv-00935-PLF (D.D.C.) (filed March 31, 2025) (the "*NTEU* case")

The *NTEU* case was brought by one union, NTEU, against the President and several but not all of the Agency Defendants in *AFGE v. Trump*. None of the Plaintiffs here is party to the *NTEU* case. The *NTEU* case involves claims that the Executive Order is invalid because it is *ultra vires* and unconstitutional under the First Amendment. The First Amendment claim in the *NTEU* case overlaps with the First Amendment retaliation claim in Count 1 of Plaintiffs' Complaint here, and the *ultra vires* claim in the *NTEU* case overlaps with Count 2 of Plaintiffs' Complaint here.

On April 25, 2025, the court in the *NTEU* case granted the plaintiff's motion for preliminary injunction and issued an order enjoining the defendant agencies from implementing Section 2 of the Executive Order (ECF No. 32), which excluded the agencies and subdivisions specified in the Executive Order from the coverage of Chapter 71 of Title 5, the Federal Service Labor-Management Relations Statute. On April 29, 2025, the *NTEU* case defendants filed a notice of appeal of this order. *See NTEU v. Trump*, No. 25-5157 (D.C. Cir.). The *NTEU* case defendants have filed a motion to stay the injunction order in the district court, which was denied, and an emergency motion for an immediate administrative stay and stay pending appeal in the D.C. Circuit. The latter motion is pending.

    b. *American Foreign Service Association v. Donald J. Trump et al.*, Case No. 1:25-cv-01030-PLF (D.D.C.) (filed April 7, 2025) (the "*AFSA* case")

The *AFSA* case was brought by one union, AFSA, and challenges the section of the Executive Order (Section 3) excluding certain departmental subdivisions employing foreign service officers from coverage of the Foreign Service Labor-Management Relations Statute, the statute that governs collective bargaining for foreign service employees. That statute contains a national security exclusion provision similar to the statutory provision in the Federal Sector Labor-Management Relations Statute that is at issue in *AFGE v. Trump*. The defendants in the *AFSA* case are a subset of the Defendants in *AFGE v. Trump*. None of the Plaintiffs here is party to the *AFSA* case. The plaintiff in the *AFSA* case alleges that Section 3 of the Executive Order is *ultra vires* and unconstitutional under the First Amendment. The First Amendment claim in the *AFSA* case overlaps with the First Amendment retaliation claim in Count 1 of Plaintiffs' Complaint here, and the *ultra vires* claim in the *AFSA* case is similar to Count 2 of Plaintiffs' Complaint here, except it

is directed to the national security exclusion exception in the Foreign Service Labor-Management Relations Statute, a different section of the Executive Order. On April 14, 2025, the plaintiff in the *AFSA* case filed a motion for preliminary injunction. That motion is fully briefed, and oral argument is set for May 5, 2025.

    2.    Additionally, the Parties are aware of two cases in which government agencies seek a declaration that, pursuant to the Executive Order, they may terminate certain collective bargaining agreements with unions that are not parties to *AFGE v. Trump*:

    a.  *U.S. Department of Defense et al. v. American Federation of Government Employees, AFL-CIO, District 10 et al.*, Case No. 6:25-cv-00119-ADA (W.D. Tex.) (filed March 27, 2025)

*U.S. Department of Defense et al. v. American Federation of Government Employees, AFL-CIO, District 10 et al.* is a declaratory judgment action filed by certain federal agencies requesting a declaration that the plaintiff agencies may terminate their collective bargaining agreements pursuant to the Executive Order. A subset of the Defendants in this case are plaintiffs in this declaratory judgment case. The defendants in the declaratory judgment case are local unions and councils affiliated with Plaintiff AFGE. None of the Plaintiffs here is party to this declaratory judgment case. On April 21, 2025, the defendants filed a motion to dismiss for lack of standing and improper venue, or in the alternative, for the district court to exercise its discretion to decline jurisdiction under the Declaratory Judgment Act. Certain defendants also moved to dismiss for lack of personal jurisdiction. The plaintiffs' response to the motion to dismiss is due May 5, 2025.

    b.  *U.S. Department of Treasury v. National Treasury Employees Union Chapter 73*, Case No. 2:25-cv-00049 (E.D. Ky.) (filed March 28, 2025)

*U.S. Department of Treasury v. National Treasury Employees Union Chapter 73* is a declaratory judgment action filed by the Department of Treasury requesting a declaration that it may terminate its collective bargaining with the defendant pursuant to the Executive Order. The Department of Treasury is one of the Defendants here. None of the Plaintiffs here is party to this declaratory judgment case. On April 25, 2025, the district court held oral argument on Treasury's Complaint for Declaratory Relief. At the conclusion of that hearing, the district court set a briefing schedule for the parties' cross-motions for summary judgment and defendant's motion to dismiss,

1 under which briefing will be complete on May 14, 2025.

2     3.    With respect to Civil Local Rule 13-3(b)(3), the parties do not agree on "whether other coordination might avoid conflicts, conserve resources and promote an efficient determination of the action." The respective positions of Plaintiff and Defendants are set forth below.

| Plaintiffs' Position | Defendants' Position |
|---|---|
| Plaintiffs received Defendants' position on this issue approximately one hour before the Court's deadline for filing this Joint Statement. Plaintiffs do not believe the Joint Statement requested by the Court is the appropriate place to brief a motion to transfer that has not even been filed. In the event Defendants file such a motion, Plaintiffs will respond in full. Plaintiffs note the following: Transfer pursuant to 28 U.S.C. § 1404(a) is only permitted to another district "where it might have been brought." This case could not have been brought in the Western District of Texas because none of the Plaintiffs maintain their principal place of business in the Western District of Texas, and "a substantial part of the events or omissions giving rise to" Plaintiffs' claims did not occur in the Western District of Texas. 28 U.S.C. § 1391. Plaintiffs also note that there are significant jurisdictional issues with the pending case in Texas for the reasons set forth in the defendant unions' motion to dismiss that is currently pending in that action.<br><br>As to Civil Local Rule 13-3(b)(3), Plaintiffs do not believe 28 U.S.C. § 1407 is applicable nor is other coordination necessary because these matters do not involve common questions of fact and differ in other respects including the parties involved. | The Government believes the present case should be transferred to the Western District of Texas pursuant to this Court's permissive transfer authority. 28 U.S.C. § 1404(a). Doing so would effectuate Local Civil Rule Local Rule 3-13(b)(3)'s goals to avoid conflict, conserve resources, and promote an efficient determination of the action. In determining whether to transfer a case pursuant to 28 U.S.C. § 1404(a), a court "analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." *See Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). All three factors weigh in favor of transfer in this case. Additionally, because Local Rule 3-13(b)(3) addresses efficiency, Defendants posit that the Court should consider that transfer would conserve resources and promote an efficient determination of the action. *See, e.g.*, *Chess v. Romine*, No. 18cv5098, 2018 WL 5794526, at *8 (N.D. Cal. Nov. 2, 2018) (relying on the Federal Court Management Statistics compiled by the Administrative Office of the United States Courts to determine relative congestion of courts).<br><br>    First, the chronology clearly favors transfer. *DoD v AFGE* was filed a week before *AFGE v. Trump*.<br><br>    Second, while there is some difference between the unions and agencies named in the two suits, courts have ruled that the first to file rule does not require exact similarity of the parties. *See Kohn*, 787 F.3d 1237, 1240 (9th Cir. 2015); *Intersearch Worldwide, Ltd. v.* |

*Intersearch Grp., Inc.*, 544 F.Supp.2d 949, 958 n.6 (N.D. Cal 2008). The existence of differing parties in these cases does not change the underlying nature of the lawsuit, and denial of the Government's position on this basis would render the rule useless by allowing a litigant to merely name additional parties in the second-filed suit to avoid application of the rule.

Third, the issues presented in the two cases are sufficiently similar to permit transfer to the Western District of Texas. Courts have held that the issues in the two actions must be *substantially similar,* rather than identical. *See Adoma v. Univ. of Phoenix,* 711 F.Supp.2d 1142, 1148 (E.D. Cal. 2010) (citing *Inherent.com v. Martindale-Hubbell,* 420 F.Supp.2d 1093, 1097 (N.D. Cal. 2006); *Schwartz v. Frito-Lay N. Am.,* No. C-12-02740, 2012 WL 8147135, at *3 (N.D. Cal. Sep. 12, 2012) ("The issues need not be precisely identical for the first-to-file rule to apply; the rule can apply even if the later-filed action brings additional claims."). At base, both cases seek to determine whether Executive Order 14,251 is a valid exercise of the President's authority pursuant to 5 U.S.C. § 7103(b).

Fourth, statistically, data from the Administrative Office of the United States Courts show that the median time from filing to disposition of civil cases in the 12-month period ending December 31, 2024 in the Northern District of California was 20.6 months. U.S. District Courts, *Federal Court Management Statistics–Profiles—During the 12-Month Periods Ending December 31, 2019 Through 2024* (December 31, 2024) at 66, https://www.uscourts.gov/data-news/data-tables/2024/12/31/federal-court-management-statistics/n-a-1. For the Western District of Texas it was 7.8 months. *Id.* at 37. Given the relative congestion of this court compared to the Western District of Texas, a transfer would serve the interests of efficiency and justice.

For these reasons, this Court should transfer the present action to the Western

|  | District of Texas. |
|---|---|

DATED: May 2, 2025

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/ Ramya Ravindran* | YAAKOV M. ROTH |
| Leon Dayan (SBN 153162) | Acting Assistant Attorney General |
| Abigail V. Carter* | EMILY M. HALL |
| Ramya Ravindran* | SARAH E. WELCH |
| Lane M. Shadgett* | Counsel to the Assistant Attorney General |
| J. Alexander Rowell* | Civil Division |
| BREDHOFF & KAISER P.L.L.C. | |
| 805 Fifteenth Street NW, Suite 1000 | ERIC HAMILTON |
| Washington, D.C. 20005 | Deputy Assistant Attorney General |
| Tel: (202) 842-2600 | Civil Division, Federal Programs Branch |
| Fax: (202) 842-1888 | |
| ldayan@bredhoff.com | ALEXANDER K. HAAS |
| acarter@bredhoff.com | Director |
| rravindran@bredhoff.com | Civil Division, Federal Programs Branch |
| lshadgett@bredhoff.com | |
| arowell@bredhoff.com | JACQUELINE COLEMAN SNEAD |
| *Pro hac vice* | Assistant Branch Director |
|  | Civil Division, Federal Programs Branch |
| Daniel Feinberg, SBN 135983 | |
| Catha Worthman, SBN 230399 | */s/ Lydia Jines* |
| Anne Weis, SBN 336480 | LYDIA JINES (MD Bar No. 2205230001) |
| FEINBERG, JACKSON, WORTHMAN | JEREMY MAURITZEN |
| & WASOW, LLP | Trial Attorneys |
| 2030 Addison Street, Suite 500 | LISA ZEIDNER MARCUS |
| Berkeley, CA 94704 | Senior Counsel |
| Tel. (510) 269-7998 | U.S. Department of Justice, Civil Division |
| Fax (510) 269-7994 | Federal Programs Branch |
| dan@feinbergjackson.com | 1100 L St., NW, Twelfth Floor |
| catha@feinbergjackson.com | Washington, DC 20530 |
| anne@feinbergjackson.com | Tel: (202) 353-5652 |
|  | Fax: (202) 616-8470 |
| *Counsel for Plaintiffs* | Email: Lydia.Jines@usdoj.gov |
| Rushab B. Sanghvi (SBN 302809) | *Counsel for Defendants* |
| Andres M. Grajales* | |
| American Federation of Government | |
| Employees, AFL-CIO | |
| 80 F Street NW | |
| Washington, D.C. 20001 | |
| Tel: (202) 639-6426 | |
| SanghR@afge.org | |
| Grajaa@afge.org | |

Joint Statement on Other Lawsuits, Case No. 3:25-cv-03070-JD                                                        6

*Pro hac vice*

Counsel for Plaintiff American Federation of Government Employees (AFGE)

Teague P. Paterson (SBN 226659)
Matthew S. Blumin*
American Federation of State, County, and Municipal Employees, AFL-CIO
1625 L Street NW
Washington, D.C. 20036
Tel: (202) 775-5900
Fax: (202) 452-0556
tpaterson@afscme.org
mblumin@afscme.org
*Pro hac vice*

Counsel for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)

Nicole Daro (SBN 276948)
National Nurses United
155 Grand Ave.
Oakland, CA 94612
Tel: (510) 207-8291
ndaro@calnurses.org

Counsel for Plaintiff NNOC/NNU

Steven K. Ury (SBN 199499)
Service Employees International Union, AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 730-7428
steven.ury@seiu.org

Counsel for Plaintiff Service Employees International Union, AFL-CIO (SEIU)

Sarah E. Suszczyk*
National Association of Government Employees, Inc.
159 Thomas Burgin Parkway
Quincy, MA 02169
Tel: (617) 376-7239
ssuszczyk@nage.org
*Pro hac vice*

Counsel For Plaintiff National Association of Government Employees (NAGE)

Yvette M. Piacsek*
General Counsel

1. National Federation of Federal Employees,
   IAM, AFL-CIO
2. 1225 New York Avenue NW, Suite 450
   Washington, D.C. 20005
3. Tel: (202) 216-4428
   ypiacsek@nffe.org
4. *Pro hac vice*

5. *Counsel for Plaintiff National Federation of Federal Employees, IAM, AFL-CIO (NFFE)*

6.

7. **<u>ECF ATTESTATION</u>**

8. In accordance with Civil Local Rule 5(i)(3), I, Ramya Ravindran, attest that I have
9. obtained concurrence in the filing of this document from all other signatories listed here.