Leon Dayan, SBN 153162
Abigail V. Carter*
Ramya Ravindran*
Lane M. Shadgett*
J. Alexander Rowell*
**BREDHOFF & KAISER P.L.L.C.**
805 Fifteenth Street NW, Suite 1000
Washington, D.C. 20005
Tel. (202) 842-2600
Fax (202) 842-1888
ldayan@bredhoff.com
acarter@bredhoff.com
rravindran@bredhoff.com
lshadgett@bredhoff.com
arowell@bredhoff.com
*Pro hac vice

Daniel Feinberg, SBN 135983
Catha Worthman, SBN 230399
Anne Weis, SBN 336480
**FEINBERG, JACKSON, WORTHMAN
& WASOW, LLP**
2030 Addison Street, Suite 500
Berkeley, CA 94704
Tel. (510) 269-7998
Fax (510) 269-7994
dan@feinbergjackson.com
catha@feinbergjackson.com
anne@feinbergjackson.com

*Attorneys for Plaintiffs* (Additional Counsel not listed)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | Case No.: 3:25-cv-03070-JD<br><br>**DECLARATION OF THOMAS DARGON, JR.** |

Declaration of Thomas Dargon, Jr., No. 3:25-cv-03070-JD

**DECLARATION OF THOMAS DARGON, JR.**

I, Thomas Dargon, Jr., declare as follows:

1.      I am over 18 years of age and competent to give this declaration. This declaration is based on my personal knowledge, information, and belief.

2.      I am the Deputy General Counsel for the American Federation of Government Employees, AFL-CIO, National Veterans Affairs Council ("VA Council"). The VA Council is an independent bargaining council within the AFGE national union representing employees at the U.S. Department of Veterans Affairs ("VA") and their constituent AFGE local unions. It is the largest consolidated bargaining unit in the federal government, representing approximately 310,000 bargaining unit employees in more than 1,000 facilities across the country. The VA Council represents employees in each VA administration, and its bargaining unit covers hundreds of positions, including, but not limited to, physicians, registered nurses, dentists, physician assistants, social workers, psychologists, physical therapists, medical support assistants, nursing assistants, health technicians, social science specialists, housekeepers, police officers, veterans service representatives, cemetery caretakers, plumbers, and electricians.

3.      As Deputy General Counsel, I supervise a group of attorneys and professional staff. I served on the VA Council's negotiating team during the renegotiation of AFGE's nationwide collective bargaining agreement ("CBA") with VA. I also provide representation and general assistance to local unions and bargaining unit employees to pursue statutory appeals as well as grievances under the CBA to enforce their statutory and contractual rights, including through binding arbitration and exceptions to the Federal Labor Relations Authority ("FLRA"). Through the duties of my position, I am familiar with the CBA as well as the many services provided by AFGE. I am also familiar with the harm that will be done to VA employees if they are forced to go without their CBA or if AFGE is no longer recognized as their exclusive representative, even for a few months.

4.      The CBA contains countless substantive terms negotiated on behalf of VA employees that cannot be unilaterally changed by VA without first bargaining in good faith with the union. These include terms that are specifically important to VA employees in their day-to-

Declaration of Thomas Dargon, Jr., No. 3:25-cv-03070-JD                                          1

1    day work, such as guaranteed time off between shifts, mandatory lunch breaks, mandatory rest

2    periods for employees working overtime, ninety-day performance improvement plans,

3    "temporary promotion" pay for employees assigned to perform higher-graded duties, and a long

4    list of detailed provisions guaranteeing that employees will be provided with adequate safety

5    equipment and a safe working environment. The CBA also provides enforcement mechanisms to

6    ensure that VA complies with those provisions, such as union notification requirements, a

7    request-for-information procedure that allows local unions access to important safety-related

8    records, and a negotiated grievance and arbitration procedure should VA fail to meet its

9    obligations under the CBA, federal law, government-wide regulation, or VA policy.

10        5.    In the absence of the CBA and the right to collectively bargain, VA could make

11    unilateral changes to conditions of employment, and employees will be deprived of the

12    negotiated grievance procedure that allows them to bring complaints about workplace disputes

13    before a neutral third party, namely an independent arbitrator appointed through the Federal

14    Mediation and Conciliation Service. Moreover, because there is a contractual time limit to

15    pursue grievances under the CBA, those rights will not be recoverable at a later date.

16        6.    The CBA also provides for "official time" consistent with 5 U.S.C. § 7131, which

17    union representatives can use to perform their representational duties during the workday. I am

18    aware that certain VA facilities within the Veterans Benefits Administration are no longer

19    recognizing or approving official time for certain AFGE representatives—a directive that has

20    been communicated to local unions.

21        7.    One concrete benefit of official time is allowing union representatives to resolve

22    payroll-related disputes, which are particularly complex at VA. The rules governing VA

23    employee pay are extremely nuanced. Frontline employees as well as human resources, payroll,

24    and management officials often misunderstand employee entitlements to shift differentials,

25    premium pay, overtime pay, and hazard pay. The payment of timely and correct compensation

26    also depends on how employees are coded in the various VA human resources and payroll

27    systems, including whether they are eligible for pay entitlements under the Fair Labor Standards

28    Act ("FLSA") or those set forth in Title 5 and Title 38 of the U.S. Code. Union representatives at

Declaration of Thomas Dargon, Jr., No. 3:25-cv-03070-JD                        2

1   the VA are specially trained to assist employees to recognize and correct complex payroll issues.

2   Union representatives routinely succeed in assisting employees to rectify underpayments, either

3   through making an informal request to responsible human resources, payroll, or management

4   officials, or by pursuing a formal grievance on behalf of individual employees or groups of

5   similarly situated employees. When an underlying payroll error impacts a larger population of

6   VA employees, the VA Council may elect to pursue a national level grievance under the CBA on

7   behalf of the bargaining unit. The VA Council's national level grievances under the CBA and

8   resulting arbitration awards have resulted in the recovery of hundreds of millions of dollars in

9   back pay in recent years.

10          8.      Union representatives can assist employees and perform representational duties

11   during the workday because the Federal Service Labor-Management Relations Statute

12   ("Statute") and the CBA provide for official time. Should VA employees be without official time

13   under the Statute or their CBA—even for a short period—many of the 310,000 VA employees

14   represented by AFGE will not be able to rectify payroll errors, resolve workplace disputes, or

15   utilize the negotiated grievance procedure to obtain relief they are owed from neutral third-party

16   arbitrators. Moreover, because grievances must be filed within 30 calendar days of the

17   underlying violation, those rights will not be recoverable even if the CBA is later restored.

18          9.      VA employees who are deprived of the CBA may also miss out on upward

19   mobility and career advancement opportunities. For example, the CBA includes both

20   reassignment and merit promotion provisions to ensure that qualified, internal candidates will be

21   considered first for vacant positions. Should a VA employee be deprived of a career

22   advancement opportunity because the CBA is not in effect, that particular opportunity will be

23   permanently lost.

24          10.     The CBA also includes important procedural protections for employees facing

25   discipline. For example, the CBA reinforces VA employees' statutory "Weingarten rights,"

26   which, upon request, allow a union representative to represent employees in any investigatory

27   examination that could reasonably result in disciplinary action. In my experience, the majority of

28   employees who are facing an investigation or disciplinary action avail themselves of their right

1    to representation, which is seen as one of the most important services the union provides.

2          11.    Another major representational duty that union officials perform during official

3    time is advising and representing employees who are facing disciplinary action, such as

4    admonishments, reprimands, suspensions, demotions, and removals from the federal service.

5    Given the administration's stated desire to "swiftly terminate" civil servants it deems to be "poor

6    performing employees," there will be an increased demand for the union's services moving

7    forward. Recently, VA unilaterally implemented a number of new workplace rules that will

8    likely lead to increased discipline for employees. This includes rules that impede employees' free

9    speech, such as the so-called "flag policy" that bans most non-military affinity group flags from

10   VA facilities, another rule barring employees from including pronouns or their role as a union

11   representative in VA email signatures, and another rule implementing employee surveillance

12   tools on government equipment. Notably, the CBA prohibits the electronic recording of

13   conversations between employees and management officials without mutual consent. Due to

14   VA's unilateral implementation of these workplace rules in violation of the CBA, and absent

15   immediate relief, employees may be subjected to more disciplinary action.

16         12.    Moreover, the CBA provides VA employees with access to the negotiated

17   grievance and arbitration procedure to appeal the merits of adverse personnel actions to a neutral

18   third-party arbitrator, which is not available under VA's administrative grievance procedure

19   wherein VA appoints its own internal "grievance examiner." Statutory appeals to independent

20   agencies like the Equal Employment Opportunity Commission, Office of Special Counsel, and

21   Merit Systems Protection Board are only available in limited circumstances, and even so, are

22   limited in scope and available relief. In short, unless it involves a claim of discrimination or

23   reprisal, VA employees covered by the Title 5 personnel system, including more than 230,000

24   VA workers represented by AFGE, can only obtain neutral third-party arbitrator review of the

25   merits of disciplinary action (i.e., admonishments, reprimands, or suspensions of 14 calendar

26   days or less) by utilizing the CBA's negotiated grievance procedure. Likewise, unless it involves

27   a claim of discrimination or reprisal, VA employees covered by the Title 38 personnel system,

28   including more than 80,000 physicians, dentists, registered nurses, physician assistants,

Declaration of Thomas Dargon, Jr., No. 3:25-cv-03070-JD          4

1    optometrists, podiatrists, chiropractors, and expanded-function dental auxiliaries represented by

2    AFGE, can only obtain neutral third-party arbitrator review of the merits of adverse or major

3    adverse actions by utilizing the CBA's negotiated grievance procedure.

4         13.    While management retains the right to hire, fire, or discipline employees, the

5    CBA provides protections to ensure that employees are afforded the right to union

6    representation, as well as a comprehensive process to respond to proposed discipline and later

7    appeal wrongful discipline to a neutral third-party arbitrator. If VA employees are forced to go

8    without the CBA's protections and access to the negotiated grievance procedure, even for a short

9    time, employees will be deprived of their choice of forum and their right to seek review before a

10   neutral third-party arbitrator. That is an injury will cause irreparable harm to those employees.

11        14.    In short, the CBA provides many procedural and substantive rights to VA

12   employees that if lost, even for a short time, will cause irreparable harm to those employees.

13

14   I declare under penalty of perjury under the laws of the United States that the foregoing is true

15   and correct.

16

17   Date: May 7, 2025

18                                Thomas Dargon, Jr.

19

20

21

22

23

24

25

26

27

28

Declaration of Thomas Dargon, Jr., No. 3:25-cv-03070-JD                        5