BRETT A. SHUMATE
   Assistant Attorney General
YAAKOV M. ROTH
   Principal Deputy Assistant Attorney General
EMILY M. HALL
TYLER J. BECKER
   Counsel to the Assistant Attorney General, Civil Division
ERIC HAMILTON
   Deputy Assistant Attorney General
ALEXANDER K. HAAS
   Director
JACQUELINE COLEMAN SNEAD
   Assistant Branch Director
LISA ZEIDNER MARCUS
   Senior Counsel
LYDIA JINES (MD Bar No. 2205230001)
JEREMY MAURITZEN
SYED AHMAD
   Trial Attorneys
   U.S. Department of Justice, Civil Division
   Federal Programs Branch
   1100 L St., NW, Twelfth Floor
   Washington, DC 20530
   Tel: (202) 353-5652
   Fax: (202) 616-8470
   Email: Lydia.Jines@usdoj.gov

Counsel for Defendants

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, *et al.*,<br><br>      Plaintiffs,<br><br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>      Defendants. | Case No. 3:25-cv-03070-JD<br><br>**Defendants' Emergency Motion to Stay the Preliminary Injunction Pending Appeal**<br><br>Judge: Hon. James Donato |

By Order re Preliminary Injunction dated June 24, 2025, ECF No. 60, this Court enjoined Defendants from implementing or enforcing Section 2 of Executive Order 14,251 against Plaintiffs or

Defendants' Emergency Motion to Stay the Preliminary Injunction Pending Appeal     3:25-cv-03070-JD

their members notwithstanding the President's determination pursuant to 5 U.S.C. § 7103(b)(1) that agencies and agency subdivisions that employ those members have as a primary function intelligence, counterintelligence, investigative, or national security work, and that Chapter 71 of title 5, United States Code, cannot be applied to those government components consistent with national security requirements and considerations.  Exec. Order No. 14,251 § 1, 90 Fed. Reg. 14553, 14554 (Apr. 3, 2025); 5 U.S.C. § 7103(b)(1).

Defendants have appealed that decision, ECF No. 61, and now move for an emergency stay pending appeal pursuant to Federal Rule of Civil Procedure 62.  This motion should be granted because Defendants can show a likelihood of success on the merits, irreparable injury in the absence of a stay, and that a stay is in the public interest and will not injure Plaintiffs.  *Nken v. Holder*, 556 U.S. 418, 426 (2009).[1]

**ARGUMENT**

**I.    The Government is Likely to Succeed on Appeal**

This Court lacks jurisdiction over Plaintiffs' claims because Congress has expressly channeled their claims to the Federal Labor Relations Authority (FLRA) under the Federal Service Labor-Management Relations Statute (FSLMRS), enacted as Title VII of the Civil Service Reform Act.  As the Ninth Circuit has recognized:

> At no point does the Act entitle a party to petition a district court for relief.  Given the broad purpose of the Act to meet the special requirements of government, the leadership role of the Authority, and the limited role of the judiciary in this statutory scheme, it is manifestly the expressed desire of Congress to create an exclusive statutory scheme.

*Columbia Power Trades Council v. U.S. Dep't of Energy*, 671 F.2d 325, 327 (9th Cir. 1982) (footnotes omitted); *see also AFGE, Nat'l Council of HUD Locs. Council 222, AFL-CIO v. FLRA*, 99 F.4th 585, 593 (D.C. Cir. 2024) (identifying an "unbroken line of circuit precedent dealing with § 7123(a)" that has consistently held that district courts lack jurisdiction over FSLMRS disputes).  And the Supreme Court previously held that whether a claim is precluded under the Civil Service Reform Act does not "turn on its constitutional nature . . . but rather on the type of the employee and the challenged employment action."

---

[1] In the Ninth Circuit, when a high degree of irreparable harm to the movant is shown, the movant is required to show only "serious legal questions going to the merits" to obtain a stay. *Manrique v. Kolc*, 65 F.4th 1037, 1041 (9th Cir. 2023) (internal quotations omitted).

2
Defendants' Emergency Motion to Stay the Preliminary Injunction Pending Appeal   3:25-cv-03070-JD

*Elgin v. Dep't of Treasury*, 567 U.S. 1, 15 (2012). Thus, Plaintiffs cannot escape the FSLMRS's exclusive review scheme by framing their arguments in First Amendment terms. Plaintiffs can still receive meaningful judicial review of their claims by bringing them before the FLRA in the first instance, followed by an appeal in the appropriate circuit court.

Contrary to this binding Supreme Court and Ninth Circuit precedent, this Court found that it had jurisdiction because in its view Plaintiffs' members "are no longer covered by the statute, and they cannot bring claims over which Congress granted the FLRA authority." ECF No. 60 at 15. Congress created a special administrative review scheme that this Court must respect. Accordingly, Plaintiffs must bring their claims before the FLRA. The Court expressed concern that "[t]he FLRA itself is of the view that it does not have authority to hear claims brought in connection with agencies excluded from Chapter 71 coverage." *Id*. But the FLRA has not been presented with the claims here. Even if the FLRA were to conclude that it lacked jurisdiction, however, a court of appeals could review the merits of Plaintiffs' statutory and constitutional challenge. *See AFGE v. Trump*, 929 F.3d 748, 758-59 (D.C. Cir. 2019) ("[W]e may review the unions' broad statutory and constitutional claims on appeal from an FLRA proceeding even if the FLRA cannot."); 5 U.S.C. § 7123(a).

Even assuming jurisdiction, Defendants are likely to succeed on the merits of their appeal. This Court concluded that "plaintiffs have demonstrated a serious question under the First Amendment that warrants preserving the status quo pending further litigation," ECF No. 60 at 22, but in reaching that conclusion, the Court improperly disregarded the national-security determinations that appear on the face of the President's Executive Order. *See Trump v. Hawaii*, 585 U.S. 667, 704 (2018); *AFGE v. Reagan*, 870 F.2d 723, 727 (D.C. Cir. 1989). The Court also neglected to consider whether the President would have issued the Executive Order regardless of the alleged retaliatory motive, as Supreme Court and Ninth Circuit precedent require. *See Houston Cmty. Coll. Sys. v. Wilson*, 595 U.S. 468, 477 (2022); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Boquist v. Courtney*, 32 F.4th 764, 775 (9th Cir. 2022).

Plaintiffs' and this Court's focus on the White House Press Office Fact Sheet's reference to union efforts to impede the President's agenda, ECF No. 60 at 19-20, ignored the broader message of that document as well as Section 7103(b)(1)(B)'s clear purpose to allow the President to consider such

impediments. As the Fact Sheet explains at length, the President signed Executive Order 14,251 in service of two of his top policy priorities: protecting Americans from threats to our national security and improving the efficiency and efficacy of the federal workforce. The Fact Sheet goes on to enumerate the myriad ways the Executive Order will help protect the national security, including through the "National Defense," "Border Security," "Foreign Relations," "Energy Security," "Pandemic Preparedness, Prevention, and Response," "Cybersecurity," "Economic Defense," and "Public Safety." *See* Fact Sheet: President Donald J. Trump Exempts Agencies with National Security Missions from Federal Collective Bargaining Requirements at 1–2 (Mar. 27, 2025), https://perma.cc/W93G-Z889. Section 7103(b)(1)(B) is itself a recognition by Congress that union activity can impede agency operations and that, when such activity impacts national security considerations, the President can act to restrict it by exempting agencies or subdivisions that have investigative, intelligence, or national security work as a primary function from the Act's coverage.

For these reasons, the Government is likely to prevail on the merits of its appeal.

**II.     The Remaining Factors Favor a Stay.**

The remaining factors (whether Defendants will be irreparably harmed absent a stay; whether issuance of the stay will substantially injure the other parties interested in the proceeding; and where the public interest lies) all favor a stay.

**A.     Defendants and the Public Will Be Harmed Absent a Stay.**

The injunction impinges on Defendants' ability to redirect their employees to mission-oriented work that advances national security. Further, the injunction undermines Executive Branch constitutional governance, U.S. Const. art. II, § 1, cl. 1 ("The executive Power shall be vested in a President of the United States"), and irreparably undermines the President's authority to "prescribe regulations for the conduct of employees in the executive branch." 5 U.S.C. § 7301. That encroachment on the President's prerogatives is especially intolerable in the national-security context, where the President must be able to act swiftly and decisively. *See Chicago & S. Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 111 (1948) ("executive decisions" in the national-security realm require "delicate, complex" assessments and rapid responses from agencies and employees). In actions involving the same Executive Order challenged here, the D.C. Circuit twice has recognized such intolerability in a district court's preliminary injunction of this

4

Order: "[t]he district court's preliminary injunction inflicts irreparable harm on the President by interfering with the national-security determinations entrusted to him by Congress." *AFSA v. Trump*, No. 25-1020, slip op. at 5 (D.C. Cir. June 20, 2025) (per curiam) (staying preliminary injunction of Section 3 of the Executive Order); *NTEU v. Trump*, No. 25-5157, 2025 WL 1441563, at *1 (D.C. Cir. May 16, 2025) (staying preliminary injunction of Section 2 of the Executive Order).[2] *Cf. Newsom v. Trump*, No. 25-3727, __ F.4th __, 2025 WL 1712930, at *14 (9th Cir. 2025) (granting Defendants' emergency motion to stay the TRO pending appeal because "irreparable harm and the public interest weigh in favor of Defendants"). So too should this Court.

That result is further compelled here because this Court's injunction is a mandatory injunction, that changes the status quo, not maintains it. "'Mandatory preliminary relief . . . is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party.'" *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*, 571 F.3d 873, 879 (9th Cir. 2009) ("In general, mandatory injunctions 'are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages.'") (quoting *Anderson*, 612 F.2d at 1115). Defendant agencies already have taken steps, short of termination of their collective bargaining agreements (CBAs) with Plaintiffs, to implement the President's Executive Order. *See* Exhibit 1 (table describing those steps taken by agencies); Declaration of Carmen Garcia-Whiteside ¶ 4 (Office of Personnel Management); Declaration of Lew Olowski ¶ 4 (Department of State); Declaration of Sheila D. Wright ¶ 4 (Agency for International Development); Declaration of Michael A. Cogar ¶ 4 (Department of Defense); Declaration of John Brown ¶ 5 (Department of Treasury); Declaration of Mark Engelbaum ¶ 4 (Department of Veterans Affairs); Declaration of Matthew E. Hirt ¶ 4 (Department of Justice); Declaration of Christina V. Ballance ¶ 5 (Department of Health and Human Services); Declaration of Kika Scott ¶ 4 (U.S. Customs and Immigration Services); Declaration of Kathryn Jones ¶ 4 (Coast Guard); Declaration of Meir Braunstein ¶ 5 (Immigration and Customs Enforcement); Declaration of Stephanie M. Holmes ¶ 10 (Department of the Interior); Declaration of Reesha Trznadel ¶ 4 (Department of Energy);

---

[2] The court is still considering Plaintiff's request for en banc review.

Declaration of Bryan Knowles ¶ 4 (Department of Agriculture); Declaration of Michael Molina ¶ 4 (Environmental Protection Agency); Declaration of Micah Cheatham ¶ 6 (National Science Foundation); Declaration of Katie A. Higginbothom ¶ 4 (United States International Trade Commission); Declaration of Arron Helm ¶ 4 (General Services Administration); Declaration of Michael Russo ¶ 4 (Social Security Administration); Declaration of Kimberly Amaya ¶ 4 (Department of Labor); Declaration of Lori A. Michalski ¶ 5 (Department of Housing and Urban Development); Declaration of DeShawn Shepard ¶ 5 (Department of Transportation); Declaration of Jacqueline Clay ¶ 4 (Department of Education).

This Court's order thus requires Defendant agencies to return their workplaces to their pre-Executive Order status, which itself is injurious and costly to Defendant agencies. *See, e.g.,* Hirt Decl. ¶ 6(b) (describing "irreparable harm" because of preliminary injunction's impact on DOJ's "planned reorganizations within the litigating divisions, as well as the immediate need to move employees and work from one division to another in order to support the overall national security mission of the DOJ"); Olowski Decl. ¶ 6 (describing preliminary injunction's risk of "wast[ing] significant taxpayer resources and, especially, time."); Amaya Decl. ¶ 6(c) (explaining that the "return to one of the two AFGE bargaining units for the approximately 320 OCIO affected employees will require about a month of significant, mostly administrative manpower effort across numerous divisions"). As demonstrated in the record, Defendant agencies will be injured if they cannot comply with the President's Executive Order. *See* Braunstein Decl. ¶ 6(b) (describing how the preliminary injunction, which requires ICE to comply with certain CBAs, will restrict ICE's ability to respond to changed circumstances). *See also* Defs.' Opp'n to Pls.' Ex Parte Mot. for Prelim. Inj. & Order to Show Cause 15-22, ECF No. 44.

When the government is a party, the Court's analysis of the public interest and the equities merge. *Nken*, 556 U.S. at 435. For similar reasons, the last two factors favor a stay pending appeal. While this Court recognized that "labor organizations and collective bargaining in the civil service are in the public interest[,]" ECF No. 60 at 26 (quoting 5 U.S.C. § 7101(a)), this Court's preliminary injunction constitutes an extraordinary intrusion into the President's statutory authority to determine whether agencies with a primary intelligence, investigative, or national security function should be excluded from coverage under Chapter 71. National security is a greater public interest than the right of labor organizations.

**B.    Plaintiffs Will Not Be Harmed by a Stay.**

The Court's conclusion that "Plaintiffs have shown that they are likely to suffer irreparable harm in the absence of an injunction[,]" ECF No. 60 at 25, due to lost union dues is belied where, as here, the Plaintiffs could seek to recover missing dues in subsequent FLRA proceedings if they ultimately prevail in this litigation. *U.S. Dep't of Def., Ohio Nat'l Guard*, 71 F.L.R.A. 829, 830 (2020). And in the interim, Plaintiffs can continue to directly solicit and collect dues from their members, which "is, after all, how most other voluntary membership organizations collect dues." *NTEU*, 2025 WL 1441563, at *2. Plaintiffs' asserted harm regarding loss of bargaining rights is similarly speculative because such loss "would materialize only *after* an agency terminates a collective-bargaining agreement, and the Government directed agencies to *refrain* from terminating collective-bargaining agreements or decertifying bargaining units until after the litigation concludes." *Id.* at *1 (emphasis in original; citations omitted). None of Defendant agencies (except one agency immediately after the issuance of the Executive Order and before issuance of OPM's guidance) has terminated their CBAs with Plaintiffs. *See* Exhibit 1. And, in any event, any harm to Plaintiffs is substantially outweighed by the harm to the government and to the public. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 23 (2008).

## CONCLUSION

For the foregoing reasons, this Court should enter a stay pending appeal. In the absence of relief from this Court, Defendants intend to seek a stay pending appeal from the Ninth Circuit shortly.

DATED: July 1, 2025              Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General

EMILY M. HALL
TYLER J. BECKER
Counsel to the Assistant Attorney General
Civil Division

ERIC HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

ALEXANDER K. HAAS
Director
Civil Division, Federal Programs Branch

JACQUELINE COLEMAN SNEAD
Assistant Branch Director
Civil Division, Federal Programs Branch

 /s/ Lydia J. Jines
LYDIA JINES (MD Bar No. 2205230001)
JEREMY MAURITZEN
SYED AHMAD
Trial Attorneys
LISA ZEIDNER MARCUS
Senior Counsel
U.S. Department of Justice, Civil Division
Federal Programs Branch
1100 L St., NW, Twelfth Floor
Washington, DC 20530
Tel: (202) 353-5652
Fax: (202) 616-8470
Email: Lydia.Jines@usdoj.gov

*Counsel for Defendants*