UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No. 3:25-cv-03070-JD <br><br> **Declaration of Carmen Garcia-Whiteside as part of Defendants' Emergency Motion to Stay the Preliminary Injunction Pending Appeal** <br><br> Judge: Hon. James Donato |

Pursuant to 28 U.S.C. § 1746, I, Carmen Garcia-Whiteside, declare as follows:

1. I am currently employed by the United States Office of Personnel Management ("OPM"), as the Chief Human Capital Officer, and have been employed in this role since December 2022. I report to the OPM Director. I have been employed at OPM since 2009. In my current role, I oversee, among other things, OPM's Office of the Chief Human Capital Officer ("OCHCO"). In addition to leading the operational human resources function for the agency, I also lead the development and implementation of the agency's corporate human resources strategy, policy, and solutions to workforce management challenges.

2. I have reviewed the "Order re: Preliminary Injunction" entered by this Court on June 24, 2025, in the above captioned matter. I provide this declaration as part of Defendants' Emergency Motion to Stay the Preliminary Injunction Pending Appeal. I make this declaration based on my personal knowledge and information provided to me in the course of performing my duties, including information provided by employees within OCHCO, OPM's Human Resources ("HR") department. If called as a witness, I could and would testify competently to the facts contained in this declaration.

3. I am familiar with Executive Order 14,251, *Exclusions from Federal Labor-Management Relations Programs* (the "Executive Order"). Section 2 of the Executive Order excludes the following agencies or subdivisions of OPM from coverage under Chapter 71 of Title 5, United States Code: Office

of the Chief Information Officer.  Exec. Order 14,251 § 2, 90 Fed. Reg. 14553, 14553 (Apr. 3, 2025).

4. The following information regarding OPM is correct and accurately reflects actions OPM took to implement Executive Order 14,251 prior to the June 24, 2025, issuance of the "Order re: Preliminary Injunction":

| Has refused to recognize unions as exclusive reps? | Has terminated CBAs? | Has suspended dues processing? | Has eliminated official time and reassigned employees who used it? | Has refused participation at FLRA? | Has terminated or refused to participate in grievance or arbitration proceedings? | Has reclaimed agency space or equipment used by the unions? |
|---|---|---|---|---|---|---|
| Yes, for the following organizations in OPM: OCIO, HCDMM, and OESPIM[1] | No.[2] | Yes, for the following organizations: OCIO, HCDMM, and OESPIM | Not applicable. Employees who used official time in the affected organizations have separated from OPM. | Not applicable. No matters related to these organizations have been elevated to the FLRA. | Not applicable. There are no pending grievances or arbitrations involving employees from the affected organizations. | No. CBA provisions on agency space and equipment remain in place as applicable to OPM organizations not affected by EO 14, 251 |

5. OPM will suffer the following harms if forced to continue to comply with the preliminary injunction and return its labor management operations to the status quo that existed prior to the March 27, 2025 issuance of the Executive Order:

   a) The confusion and uncertainty caused by this change will harm both OPM and the employees previously represented by the union.  OPM had already stopped the collection of dues and removed the union as exclusive representatives of these employees.  OPM will experience an administrative burden in returning to the status quo, including from the re-initiation of the collection of dues.

   b) It is also unclear if OPM will need to retrospectively engage in bargaining or notification

---

[1] Office of the Chief of Information ("OCIO"), Human Capital Data Management and Modernization ("HCDMM"), and Office of the Executive Secretariat and Privacy and Information Management ("OESPIM").

[2] OPM informed unions representing OCIO, HCDMM, and OESPIM employees on April 3, 2025 that the CBA no longer applied to them, but the CBA has not been cancelled.

that would have happened since March 27, 2025. For example, OPM has conducted Reductions-in-Force ("RIF") in OPM organizations previously represented by the union. Some of the employees impacted by the RIF may have been re-employed through CTAP postings, the validity of which may be called into question.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 1, 2025.

_____
CARMEN GARCIA-WHITESIDE