Leon Dayan, SBN 153162
Abigail V. Carter*
Ramya Ravindran*
Lane M. Shadgett*
J. Alexander Rowell*
**BREDHOFF & KAISER P.L.L.C.**
805 Fifteenth Street NW, Suite 1000
Washington, D.C. 20005
Tel. (202) 842-2600
Fax (202) 842-1888
ldayan@bredhoff.com
acarter@bredhoff.com
rravindran@bredhoff.com
lshadgett@bredhoff.com
arowell@bredhoff.com

Daniel Feinberg, SBN 135983
Catha Worthman, SBN 230399
**FEINBERG, JACKSON, WORTHMAN & WASOW, LLP**
2030 Addison Street, Suite 500
Berkeley, CA 94704
Tel. (510) 269-7998
Fax (510) 269-7994
dan@feinbergjackson.com
catha@feinbergjackson.com

*Admitted *pro hac vice*

Attorneys for Plaintiffs (Additional Counsel listed in signature block)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | Case No.: 3:25-cv-03070-JD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: July 17, 2025<br>Time: 10:00 a.m.<br>Place: Courtroom 11, San Francisco |

Plaintiffs American Federation of Government Employees, AFL-CIO, *et al.* ("Plaintiffs") and Defendants Donald J. Trump, *et al.* ("Defendants") (together with Plaintiffs, "the Parties") have met and conferred as required by Federal Rule of Civil Procedure 26(f) and this Court's Order re Preliminary Injunction setting a Case Management Conference (Dkt. No. 60). Pursuant to Rule 26(f), Civil Local Rule 16-9, the Standing Order for Civil Cases Before Judge James Donato, and the Standing Order for All Judges of the Northern District of California, the Parties hereby submit the following Joint Rule 26(f) Report and Case Management Conference Statement:

1. **Jurisdiction and Service:** No parties remain to be served.

<u>Plaintiffs' position on jurisdiction:</u>

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Plaintiffs dispute Defendants' contention that their claims must be "channeled" to the FLRA. The FLRA has jurisdiction over disputes arising under Chapter 71 of the Federal Service Labor Management Relations Act. As this Court has already concluded, because the Executive Order removed the listed agencies and subdivisions from the coverage of Chapter 71, Plaintiffs and the employees they represent at those agencies "are no longer covered by the statute, and they cannot bring claims over which Congress granted the FLRA authority." Dkt. No. 60, at 15.

<u>Defendants' position on jurisdiction:</u>

This Court lacks jurisdiction to decide this case. The Federal Service Labor-Management Relations Statute (FSLMRS) "provides the exclusive procedures by which federal employees and their bargaining representatives may assert federal labor-management relations claims," including "constitutional claims." *AFGE v. Trump*, 929 F.3d 738, 755-59 (D.C. Cir. 2019) ("A special statutory review scheme . . . may preclude district courts from exercising jurisdiction over challenges to federal agency action."). Because Plaintiffs' claims are precisely the type of claim subject to this administrative review scheme, Plaintiffs must bring their dispute before the Federal Labor Relations Authority (FLRA) in the form of an unfair labor practice charge or grievance. *See* 5 U.S.C. §§ 7116(a), 7118, 7121. Even if the FLRA concludes that it lacks jurisdiction over those claims, any judicial review is available in an appropriate court of appeals, not district court. *See id.* § 7123(a); *see also AFGE v. Trump*, 929 F.3d at 758-59 ("[W]e may review the unions' broad statutory and constitutional claims on appeal from an FLRA proceeding even if the FLRA cannot.").

**2.   Facts:**

<u>Plaintiffs' statement of facts:</u>

Since the inauguration of President Trump, Plaintiffs have exercised their First Amendment rights on numerous occasions to challenge the actions and policies of his administration in federal court, through grievances, and through public statements.

On March 27, 2025, President Trump issued Executive Order 14251, *Exclusions from*

*Federal Labor-Management Relations Programs*. This order purported to exclude a broad array of federal agencies and subdivisions, ranging from the Department of Veterans Affairs to the EPA, from Chapter 71 of Title 5 of the U.S. Code, the component of the Civil Service Reform Act that provides collective bargaining rights to federal employees. It permitted the Departments of Defense and Veterans Affairs to reinstate bargaining rights for certain subdivisions. The order also delegated authority to the Department of Transportation to exclude subdivisions from Chapter 71's coverage, and instructed agency heads to report which additional subdivisions should be excluded.

That same night of March 27, 2025, the White House published a Fact Sheet explaining the rationale for the EO, entitled "President Donald J. Trump Exempts Agencies with National Security Missions from Federal Collective Bargaining Requirements." The Fact Sheet stated that "Certain Federal unions have declared war on President Trump's agenda" and specifically called out Plaintiff AFGE: "The largest Federal union describes itself as 'fighting back' against Trump." It noted that "VA's unions have filed 70 national and local grievances over President Trump's policies since the inauguration." And it concluded by stating that "President Trump supports constructive partnerships with unions who work with him; he will not tolerate mass obstruction that jeopardizes his ability to manage agencies with vital national security missions."

Also on March 27, 2025, OPM issued a guidance memorandum to agency heads entitled "Guidance on Executive Order *Exclusions from Federal Labor-Management Programs*." This memorandum stated that Chapter 71 "will no longer apply" to agencies covered by EO 14251 and therefore "those agencies and subdivisions are no longer required to collectively bargain with Federal unions." It also stated that EO 14251 caused unions to "lose their status as the 'exclusive[ly] recogni[zed]' labor organizations for employees of the agencies and agency subdivisions covered by" the EO. Additional guidance to agency heads has been released: a FAQ document issued on April 22, 2025 instructs agencies to refuse to recognize and negotiate with unions, process grievances, allow employees to have a union representative present during disciplinary meetings, or provide official time to union representatives.

Pursuant to EO 14251, Defendants have refused to recognize Plaintiffs as exclusive

1  bargaining representatives, refused to comply with existing collective bargaining agreements and
2  statutory obligations, refused to negotiate with the union over changes to terms and conditions of
3  employment, terminated payroll dues deduction for Plaintiffs' members affected by the EO, and
4  refused to process grievances or participate in arbitration.
5  <u>Defendants' statement of facts:</u>
6     Congress enacted the FSLMRS as part of the Civil Service Reform Act of 1978. *See* 5
7  U.S.C. §§ 7101-7135.  The FSLMRS grants federal employees collective bargaining rights,
8  requiring that unions and federal agencies negotiate over certain matters, *id.* §§ 7102(2), 7106,
9  7114, mandates exclusive mechanisms for resolving labor disputes, *id.* §§ 7116, 7118(a)(1), 5
10 C.F.R. §§ 2423.3-2423.6, and grants discretion to the President to exclude agencies that have "as
11 a primary function intelligence, counterintelligence, investigative, or national security work,"
12 and to which "the provisions of this chapter cannot be applied . . . in a manner consistent with
13 national security requirements and considerations," *id.* § 7103(b)(1).
14    Shortly after the FSLMRS's enactment, President Carter issued an executive order
15 excluding more than 45 agencies or subdivisions from coverage.  Exec. Order No. 12,171, 44
16 Fed. Reg. 66,565 (Nov. 20, 1979).  Every president since, except President Biden, has issued
17 similar executive orders, thereby expanding the list of excluded agencies in response to changing
18 circumstances and agencies' evolving investigative and national security functions. *E.g.*, Exec.
19 Order No. 13,480, 73 Fed. Reg. 73,991 (Dec. 4, 2008); Exec. Order No. 13,039, 62 Fed. Reg.
20 12,529 (Mar. 14, 1997).
21    On March 27, 2025, President Trump issued another such executive order, determining
22 that certain agencies and subdivisions have "as a primary function intelligence,
23 counterintelligence, investigative, or national security work" and that the FSLMRS "cannot be
24 applied to th[ose] agencies and agency subdivisions in a manner consistent with national security
25 requirements and considerations." Exec. Order. No. 14,251 § 1-2, 90 Fed. Reg. 14,553, 14,553-
26 14,555 (Apr. 3, 2025).  Among the exempted agencies are Defendant agencies.
27    **3.    Legal Issues:**
28    This case raises the following legal issues:

    A. Whether EO 14251 and its implementation by Defendants violates the First Amendment of the U.S. Constitution by retaliating against Plaintiffs' protected First Amendment activity and by discriminating based on viewpoint.

    B. Whether EO 14251 and its implementation by Defendants is *ultra vires* in violation of 5 U.S.C. § 7103(b)(1) and the separation of powers protected by the U.S. Constitution.

    C. Whether EO 14251 and its implementation by Defendants violates the Fifth Amendment of the U.S. Constitution by depriving Plaintiffs and their members of protected property interests without providing due process.

    D. Whether EO 14251 and its implementation by Defendants violates the Fifth Amendment of the U.S. Constitution by abrogating contracts with the federal government and associated property interests.

    E. Whether EO 14251 and its implementation by Defendants violates the equal protection component of the Fifth Amendment of the U.S. Constitution.

    F. Whether Plaintiffs are entitled to a permanent injunction, declaratory relief, and other relief as stated in their Complaint.

    G. Whether this Court has jurisdiction to hear Plaintiffs' claims.

    H. Whether this Court's review should be limited to a determination of whether the President made the two statutory findings required by 5 U.S.C. § 7103(b)(1).

**4.** **Motions:** Plaintiffs filed a motion for a temporary restraining order (TRO) seeking to enjoin Defendants from implementing or giving effect to EO 14251 and declaratory relief. Dkt. No. 15. The Court denied the TRO and treated it as a motion for a preliminary injunction (PI), Dkt. No. 28. After briefing was completed, the Court held a June 18, 2025 hearing on the PI motion. Dkt. No. 55. Defendants filed an administrative motion for leave to file statement of recent decisions after the hearing date on June 24, 2025. Dkt. No. 59.

This Court granted the PI motion on June 24, 2025. Dkt. No. 60. The Defendants are appealing the PI order. Dkt. No. 61. In addition, Defendants filed an Emergency Motion to Stay

the Preliminary Injunction Pending Appeal, Dkt. No. 63, which the Court denied on July 8, 2025. At present, the Parties anticipate filing cross-motions for summary judgment.

**5.** **Amendment of Pleadings:** The Parties agree that the deadline by which Plaintiffs must make any amendment of their pleadings and Defendants' obligation to respond to the Complaint[1] is deferred pending resolution of the Parties' cross-motions for summary judgment.

**6.** **Evidence Preservation:** The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to FRCP 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to issues reasonably evident in this action. Counsel for the Parties, in compliance with their discovery obligations, have advised their respective clients of their obligations to preserve any information that may reasonably be relevant to this case. The Parties will take all reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

**7.** **Disclosures:** The Parties are not requesting any changes in the scope of the disclosure requirements. The Parties agree to extend the deadline to exchange initial disclosures under Rule 26(a) to August 1, 2025. The exchange will be done by email.

**8.** **Discovery:** No discovery has been taken to date.

<u>Plaintiffs' Position:</u> Plaintiffs presently do not expect extensive discovery. The Parties will meet and confer on an ESI protocol as needed.

<u>Defendants' Position:</u> Because this case may be decided on questions of law alone, discovery is neither necessary nor appropriate in this case.

The parties propose the following Rule 26(f) Discovery Plan:

**A. Initial disclosures**

**The parties will exchange Rule 26(a) disclosures by August 1, 2025.**

**B. Discovery subjects and timing**

---

[1] As stipulated by the Parties on June 9, 2025, the current deadline to respond to the Complaint is July 11, 2025. Stipulation to Enlarge Time to Respond to the Complaint Pursuant to Civil Local Rule 6-1(a), ECF No. 51.

Plaintiffs do not anticipate the need for extensive discovery. To the extent that Defendants identify witnesses in their initial disclosures, Plaintiffs reserve the right to take depositions of those witnesses. To facilitate dispositive motions, discovery should be completed by August 25, 2025.

### C. Issues about disclosure, discovery, or preservation of electronically stored information

No issues have arisen at this stage.

### D. Privilege and protections

No issues have arisen to date. If any issues arise, the Parties will meet and confer regarding a stipulated protective order.

### E. Discovery limitations

The Parties do not request changes to limitations on discovery under the Federal or Local Rules. The Parties reserve their right to request changes if discovery is propounded.

### F. Other orders

The Parties do not seek any discovery orders at this stage.

9. **Class Actions:** Not applicable.

10. **Related Cases:** The Parties are aware of the following cases challenging or involving EO 14251:

- *National Treasury Employees Union v. Donald J. Trump et al.*, Case No. 1:25-cv-00935-PLF (D.D.C.) (filed March 31, 2025); Case No. 25-5157 (D.C. Cir.)
- *American Foreign Service Association v. Donald J. Trump et al.*, Case No. 1:25-cv-01030-PLF (D.D.C.) (filed April 7, 2025); Case No. 25-5184 (D.C. Cir.)
- *Federal Education Association et al. v. Donald J. Trump et al.*, Case No. 1:25-cv-01362-PLF (D.D.C.) (filed May 5, 2025)
- *U.S. Department of Defense et al. v. American Federation of Government Employees, AFL-CIO, District 10 et al.*, Case No. 6:25-cv-00119-ADA (W.D. Tex.) (filed March 27, 2025)
- *U.S. Department of Treasury v. National Treasury Employees Union Chapter 73*,

Case No. 2:25-cv-00049 (E.D. Ky.) (filed March 28, 2025) (dismissed May 20, 2025)

11. **Relief:**

Plaintiffs request the following relief from the Court:

    A. Declaring that EO 14251, OPM's Exclusion Memorandum, and the associated termination of federal CBAs and grievances violates the First Amendment, Fifth Amendment, and is *ultra vires*;

    B. Enjoining the Agency Defendants and their agents and successors from implementing or otherwise enforcing the Exclusion Order and Exclusion Memorandum against Plaintiffs and their members.

    C. Directing Agency Defendants to honor the assignment of union dues by continuing to allot union membership dues and to remit any dues that have been collected on behalf of Plaintiffs and their members;

    D. Granting Plaintiffs' attorney's fees and costs; and

    E. Granting such other relief as this Court may deem just and proper.

Defendants anticipate making the following request for relief in their upcoming Motion for Summary Judgment:

    A. Dismissal of Plaintiffs' complaint with prejudice, for lack of jurisdiction;

    B. Declaration that Executive Order 14,251 is valid.

12. **Settlement and ADR:** Given the nature of the claims at issue, the Parties believe settlement is unlikely. The Parties have not engaged in any ADR efforts to date, and given the nature of the claims at issue, the Parties do not believe this case is amenable to ADR proceedings.

13. **Other References:** The Parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. **Narrowing of Issues:** The Parties will continue to discuss the possibility of narrowing the issues beyond the earlier referenced cross-motions for summary judgment. The Parties will continue to discuss possible mechanisms to expedite the presentation of evidence at

trial, if warranted.

15. **Scheduling:** The Parties propose the following case schedule, which contemplates cross-motions for summary judgment:

**Initial disclosures deadline:** August 1, 2025

**Close of discovery:** August 25, 2025

**Plaintiffs' Motion for Summary Judgment due:** August 29, 2025

**Defendants' Cross Motion for Summary Judgment and Opposition to Motion for Summary Judgment due:** September 30, 2025

**Plaintiffs' Reply to Opposition to Motion for Summary Judgment and Opposition to Cross Motion for Summary Judgment due:** October 24, 2025

**Defendants' Reply to Opposition to Motion for Summary Judgment due:** November 6, 2025

**Hearing on Dispositive Motions:** November 13, 2025

**Joint Pretrial Conference Statement:** January 12, 2025

**Pretrial Conference:** January 20, 2025

**Trial Date:** February 2, 2025

16. **Trial:** To the extent issues remain after resolution of the motions for summary judgment, the Parties believe that a bench trial is appropriate and estimate 2-3 days will be sufficient.

17. **Disclosure of Non-party Interested Entities or Persons:** Plaintiffs have filed a "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. Defendants, as governmental entities, have not. The Parties are unaware of any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the Parties to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

18. **Professional Conduct:** All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

19. **Other Matters:** The Parties are not aware of any other matters at this time that may facilitate the just, speedy and inexpensive disposition of this matter.

| | |
|---|---|
| Dated: July 10, 2025 | Respectfully submitted, |
| | /s/ Abigail V. Carter |
| Daniel Feinberg, SBN 135983<br>Catha Worthman, SBN 230399<br>FEINBERG, JACKSON, WORTHMAN<br>& WASOW, LLP<br>2030 Addison Street, Suite 500<br>Berkeley, CA 94704<br>Tel. (510) 269-7998<br>Fax (510) 269-7994<br>dan@feinbergjackson.com<br>catha@feinbergjackson.com | Leon Dayan (SBN 153162)<br>Abigail V. Carter*<br>Ramya Ravindran*<br>Lane M. Shadgett*<br>J. Alexander Rowell*<br>BREDHOFF & KAISER P.L.L.C.<br>805 Fifteenth Street NW, Suite 1000<br>Washington, D.C. 20005<br>Tel: (202) 842-2600<br>Fax: (202) 842-1888<br>ldayan@bredhoff.com<br>acarter@bredhoff.com<br>rravindran@bredhoff.com<br>lshadgett@bredhoff.com<br>arowell@bredhoff.com<br>*Pro hac vice |
| *Counsel for Plaintiffs* | |
| Rushab B. Sanghvi (SBN 302809)<br>Andres M. Grajales*<br>American Federation of Government Employees, AFL-CIO<br>80 F Street NW<br>Washington, D.C. 20001<br>Tel: (202) 639-6426<br>SanghR@afge.org<br>Grajaa@afge.org<br>*Pro hac vice | *Counsel for Plaintiffs* |
| | Teague P. Paterson (SBN 226659)<br>Matthew S. Blumin*<br>American Federation of State, County, and Municipal Employees, AFL-CIO<br>1625 L Street NW<br>Washington, D.C. 20036<br>Tel: (202) 775-5900<br>Fax: (202) 452-0556<br>tpaterson@afscme.org<br>mblumin@afscme.org<br>*Pro hac vice |
| *Counsel for Plaintiff American Federation of Government Employees (AFGE)* | |
| Nicole Daro (SBN 276948)<br>National Nurses United<br>155 Grand Ave.<br>Oakland, CA 94612<br>Tel: (510) 207-8291<br>ndaro@calnurses.org | |
| | *Counsel for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)* |
| *Counsel for Plaintiff NNOC/NNU* | |
| Sarah E. Suszczyk*<br>National Association of Government Employees, Inc.<br>159 Thomas Burgin Parkway<br>Quincy, MA 02169<br>Tel: (617) 376-7239<br>ssuszczyk@nage.org<br>*Pro hac vice | Steven K. Ury (SBN 199499)<br>Service Employees International Union, AFL-CIO<br>1800 Massachusetts Ave., N.W.<br>Washington, D.C. 20036<br>Tel: (202) 730-7428<br>steven.ury@seiu.org |
| | *Counsel for Plaintiff Service Employees International Union, AFL-CIO (SEIU)* |
| *Counsel For Plaintiff National Association of Government Employees (NAGE)* | |

|    |    |    |
|----|----|----|
| 1  |    |    |
| 2  |    | Yvette M. Piacsek* |
|    |    | General Counsel |
| 3  |    | National Federation of Federal Employees, IAM, AFL-CIO |
| 4  |    | 1225 New York Avenue NW, Suite 450 |
|    |    | Washington, D.C. 20005 |
| 5  |    | Tel: (202) 216-4428 |
|    |    | ypiacsek@nffe.org |
| 6  |    | *Pro hac vice |
| 7  |    | Counsel for Plaintiff National Federation of Federal Employees, IAM, AFL-CIO (NFFE) |
| 8  | Dated: July 10, 2025 | Respectfully submitted, |
|    |    | BRETT A. SHUMATE |
| 9  |    | Assistant Attorney General |
| 10 |    |    |
|    |    | YAAKOV M. ROTH |
| 11 |    | Principal Deputy Assistant Attorney General |
|    |    | EMILY M. HALL |
| 12 |    | TYLER J. BECKER |
|    |    | Counsel to the Assistant Attorney General |
| 13 |    | Civil Division |
| 14 |    |    |
|    |    | ERIC HAMILTON |
| 15 |    | Deputy Assistant Attorney General |
|    |    | Civil Division, Federal Programs Branch |
| 16 |    |    |
| 17 |    | ALEXANDER K. HAAS |
|    |    | Director |
| 18 |    | Civil Division, Federal Programs Branch |
| 19 |    | JACQUELINE COLEMAN SNEAD |
|    |    | Assistant Branch Director |
| 20 |    | Civil Division, Federal Programs Branch |
| 21 |    | /s/ Lydia J. Jines |
| 22 |    | LYDIA JINES (MD Bar No. 2205230001) |
|    |    | JEREMY MAURITZEN |
| 23 |    | Trial Attorneys |
|    |    | LISA ZEIDNER MARCUS |
| 24 |    | Senior Counsel |
| 25 |    | U.S. Department of Justice, Civil Division |
|    |    | Federal Programs Branch |
| 26 |    | 1100 L St., NW, Twelfth Floor |
|    |    | Washington, DC 20530 |
| 27 |    | Tel: (202) 353-5652 |
|    |    | Fax: (202) 616-8470 |
| 28 |    | Email: Lydia.Jines@usdoj.gov |

JOINT CASE MANAGEMENT STATEMENT - Case No. 3:25-cv-03070-JD                    12

*Counsel for Defendants*

**ATTORNEY'S E-FILING ATTESTATION**

As the attorney e-filing this document, and pursuant to Local Rule 5-1(i)(3), I hereby attest that each of the other signatures whose electronic signature appears above has concurred in this filing.

Dated: July 10, 2025

/s/ *Abigail V. Carter*
Leon Dayan (SBN 153162)
Abigail V. Carter*
BREDHOFF & KAISER P.L.L.C.
805 Fifteenth Street NW, Suite 1000
Washington, D.C. 20005
Tel: (202) 842-2600
Fax: (202) 842-1888
ldayan@bredhoff.com
acarter@bredhoff.com
**Pro hac vice*

*Counsel for Plaintiffs*