Leon Dayan, SBN 153162
Abigail V. Carter*
Ramya Ravindran*
Lane M. Shadgett*
J. Alexander Rowell*
**BREDHOFF & KAISER P.L.L.C.**
805 Fifteenth Street NW, Suite 1000
Washington, D.C. 20005
Tel. (202) 842-2600
Fax (202) 842-1888
ldayan@bredhoff.com
acarter@bredhoff.com
rravindran@bredhoff.com
lshadgett@bredhoff.com
arowell@bredhoff.com
*Admitted *pro hac vice*

Daniel Feinberg, SBN 135983
Catha Worthman, SBN 230399
**FEINBERG, JACKSON, WORTHMAN**
**& WASOW, LLP**
2030 Addison Street, Suite 500
Berkeley, CA 94704
Tel. (510) 269-7998
Fax (510) 269-7994
dan@feinbergjackson.com
catha@feinbergjackson.com

*Attorneys for Plaintiffs* (Additional Counsel listed in signature block)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | Case No. 3:25-cv-03070-JD <br><br> **PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF ASKING COURT TO SET A STATUS CONFERENCE** |

Plaintiffs American Federation of Government Employees, AFL-CIO, *et al.*, hereby respectfully submit this Motion for Administrative Relief, pursuant to Civil Local Rule 7-11, asking this Court to set a status conference for the purposes of entering a schedule pursuant to Federal Rule of Civil Procedure 16, to move this case forward expeditiously to final judgment.

In support of their request, Plaintiffs provide the following showing of good cause.

1. On June 24, 2025, finding that Plaintiffs had "demonstrated a serious question as to whether their First Amendment rights have been violated," ECF No. 60, at 17, this Court granted Plaintiffs' Motion for Preliminary Injunction to "preserve the status quo until trial," *id.* at 3, and "resolution of the merits of [Plaintiffs'] claims on a fully developed record," *id.* at 2. Because the Court determined that Plaintiffs had "demonstrated a serious question under the First Amendment that warrants preserving the status quo pending further litigation," it did "not take up plaintiffs' other claims as a potential ground for an injunction." *Id.* at 22. The Court therefore did not address Plaintiff's claims of viewpoint discrimination under the First Amendment, ultra vires action by the President, or deprivations of due process and equal protection under the Fifth Amendment. *See id.* at 13.

2. Simultaneously with granting the motion for a preliminary injunction, the Court stated that "[a]n expedited trial date will be set in a separate order." *Id.* at 3. The Court set a case management conference for July 17, 2025, and ordered the parties to file a joint case management statement by July 10, 2025. Id. at 29. The Court ordered that the "case management statement should contain an expedited proposed schedule and trial date." *Id.*

3. In accordance with the Court's order, on July 10, 2025, the parties jointly filed a case management statement. ECF No. 69.

4. In the meantime, Defendants filed a notice of appeal from the order granting a preliminary injunction and filed motions in this Court and in the Ninth Circuit for a stay of the preliminary injunction pending that appeal. The Ninth Circuit issued an administrative stay on July 7, 2025, and scheduled oral argument on Defendants' motion for a stay pending appeal for July 17, 2025.

5. On July 15, 2025, "in light of the ongoing appellate proceeding," this Court vacated

the case management conference set for July 17, 2025.

6.      On August 1, 2025, the Ninth Circuit issued an opinion granting Defendants' request for a stay of the injunctive relief. Order, *AFGE v. Trump*, No. 25-4014 (9th Cir. Aug. 1, 2025), ECF No. 32.1.

7.      An expedited trial date is warranted and necessary despite the pendency of Defendants' appeal from this Court's preliminary injunction. A ruling on a preliminary injunction and an appeal from that ruling "ordinarily does not obviate the need to proceed with preparation for trial and trial." *Big Country Foods, Inc. v. Bd. of Educ. of Anchorage Sch. Dist.*, 868 F.2d 1085, 1087 (9th Cir. 1989). A decision resolving a preliminary-injunction appeal "will affect the rights of the parties only until the district court renders judgment on the merits of the case, at which time the losing party may again appeal." *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982). In many if not most instances, a case can "proceed[] to a disposition on the merits in far less time than it [takes] to process [an] appeal." *Id.* As a result, "in many cases, appeal of district courts' preliminary injunctions will result in unnecessary delay to the parties and inefficient use of judicial resources." *Id.*; *see Big Country Foods, Inc.*, 868 F.2d at 1087 ("An appeal of the district court's decision on a motion for a preliminary injunction often will result in unnecessary delay to the parties and inefficient use of judicial resources."). Indeed, the Ninth Circuit has "applaud[ed]" district courts that have "moved with appropriate speed towards a final disposition" after entering a preliminary injunction and has directed district courts "to proceed to trial and otherwise move towards a final judgment . . . without waiting for . . . interlocutory review" on appeal. *Melendres v. Arpaio*, 695 F.3d 990, 1002-03 (9th Cir. 2012). These considerations weigh strongly in favor of moving expeditiously to final judgment despite the pending appeal of the preliminary injunction.[1]

8.      Moreover, it is imperative that Plaintiffs' lawsuit move expeditiously to final judgment on all claims raised by Plaintiffs on a fully developed record. As this Court concluded, in the absence of a preliminary injunction maintaining the status quo, Plaintiffs face grave threats

---

[1] In the preliminary-injunction appeal pending in the Ninth Circuit, Plaintiffs' response brief is due on August 22, 2025; Defendants' reply is due on September 12, 2025; and no oral argument has been scheduled.

to their existence and their collective bargaining rights. Those injuries remain ongoing and, indeed, are increasing in severity. Although the Ninth Circuit, in balancing the equities, stated that "[w]hatever harm to collective bargaining rights that Plaintiffs will experience due to a stay is mitigated by the direction to agencies to refrain from terminating collective bargaining agreements until litigation has concluded," Defendants are treating the Ninth Circuit's stay determination as a license to terminate collective bargaining agreements. On August 6, 2025, the Department of Veterans Affairs—which employs approximately 467,000 employees, of which approximately 422,000 were in bargaining units previously represented by Plaintiffs—"announced the termination of collective bargaining agreements for most VA bargaining-unit employees." VA Terminates Union Contracts For Most Bargaining-Unit Employees, https://news.va.gov/press-room/va-terminates-union-contracts-for-most-bargaining-unit-employees/ (Aug. 6, 2025, press release); *see* Chris Cameron, *Trump Administration Begins to Strip Federal Workers of Union Protections*, N.Y. Times (Aug. 6, 2025). On August 8, 2025, the Environmental Protection Agency informed workers that it had terminated collective bargaining agreements with Plaintiffs AFGE and NAGE. *See* Erich Wagner, *EPA Becomes the Second Federal Agency to Cancel its Union Contracts*, Gov't Exec. (Aug. 11, 2025), https://www.govexec.com/workforce/2025/08/epa-becomes-second-federal-agency-cancel-its-union-contracts/407364/. On August 12, 2025, the Department of Agriculture informed union leaders at the Animal Plant Health Inspection Service that it had terminated collective bargaining agreements with Plaintiff NFFE. Leah Douglas, Reuters, *USDA moves to End Employee Union Contracts, Documents Show*, U.S. News & World Report (Aug. 13, 2025), https://www.usnews.com/news/politics/articles/2025-08-13/usda-moves-to-end-some-employee-union-contracts-documents-show. Proceeding to final judgment in this matter is of critical importance to Plaintiffs.

9.    Plaintiffs contacted Defendants about the relief sought in this Motion and asked if they would join in a stipulated request to the Court. Defendants declined to join in such a request, necessitating this Motion.

1       On the basis of the foregoing showing of good cause, Plaintiffs respectfully request this

2  Court set a scheduling conference for the purposes of setting a discovery and briefing schedule

3  and trial date to move this case expeditiously to final judgment.

1

Respectfully submitted,

2

DATED: August 14, 2025

3

*/s/ Abigail V. Carter*

Daniel Feinberg, SBN 135983
Leon Dayan (SBN 153162)

4

Catha Worthman, SBN 230399
Abigail V. Carter*
Anne Weis, SBN 336480
Ramya Ravindran*

5

FEINBERG, JACKSON, WORTHMAN
Lane M. Shadgett*
& WASOW, LLP
J. Alexander Rowell*

6

2030 Addison Street, Suite 500
BREDHOFF & KAISER P.L.L.C.
Berkeley, CA 94704
805 Fifteenth Street NW, Suite 1000

7

Tel. (510) 269-7998
Washington, D.C. 20005
Fax (510) 269-7994
Tel: (202) 842-2600

8

dan@feinbergjackson.com
Fax: (202) 842-1888
catha@feinbergjackson.com
ldayan@bredhoff.com

9

anne@feinbergjackson.com
acarter@bredhoff.com
rravindran@bredhoff.com

10

*Counsel for Plaintiffs*
lshadgett@bredhoff.com
arowell@bredhoff.com

11

Rushab B. Sanghvi (SBN 302809)
*Pro hac vice*
Andres M. Grajales*

12

American Federation of Government
*Counsel for Plaintiffs*
Employees, AFL-CIO

13

80 F Street NW
Teague P. Paterson (SBN 226659)
Washington, D.C. 20001
Matthew S. Blumin*

14

Tel: (202) 639-6426
American Federation of State, County, and
SanghR@afge.org
Municipal Employees, AFL-CIO

15

Grajaa@afge.org
1625 L Street NW
*Pro hac vice*
Washington, D.C. 20036

16

Tel: (202) 775-5900
*Counsel for Plaintiff American Federation*
Fax: (202) 452-0556

17

*of Government Employees (AFGE)*
tpaterson@afscme.org
mblumin@afscme.org

18

Nicole Daro (SBN 276948)
*Pro hac vice*
National Nurses United

19

155 Grand Ave.
*Counsel for Plaintiff American Federation of*
Oakland, CA 94612
*State County and Municipal Employees, AFL-*

20

Tel: (510) 207-8291
*CIO (AFSCME)*
ndaro@calnurses.org

21

Steven K. Ury (SBN 199499)
*Counsel for Plaintiff NNOC/NNU*
Service Employees International Union, AFL-

22

CIO
Sarah E. Suszczyk*
1800 Massachusetts Ave., N.W.

23

National Association of
Washington, D.C. 20036
Government Employees, Inc.
Tel: (202) 730-7428

24

159 Thomas Burgin Parkway
steven.ury@seiu.org
Quincy, MA 02169

25

Tel: (617) 376-7239
*Counsel for Plaintiff Service Employees*
ssuszczyk@nage.org
*International Union, AFL-CIO (SEIU)*

26

*Pro hac vice*

27

*Counsel For Plaintiff National Association*
*of Government Employees (NAGE)*

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Yvette M. Piacsek*
General Counsel
National Federation of Federal Employees,
IAM, AFL-CIO
1225 New York Avenue NW, Suite 450
Washington, D.C. 20005
Tel: (202) 216-4428
ypiacsek@nffe.org
*Pro hac vice

*Counsel for Plaintiff National Federation of
Federal Employees, IAM, AFL-CIO (NFFE)*