BRETT A. SHUMATE
   Assistant Attorney General
YAAKOV M. ROTH
   Principal Deputy Assistant Attorney General
EMILY M. HALL
TYLER J. BECKER
   Counsel to the Assistant Attorney General, Civil Division
ERIC HAMILTON
   Deputy Assistant Attorney General
ALEXANDER K. HAAS
   Director
JACQUELINE COLEMAN SNEAD
   Assistant Branch Director
LISA ZEIDNER MARCUS
   Senior Counsel
LYDIA JINES (MD Bar No. 2205230001)
JEREMY MAURITZEN
SYED AHMAD
   Trial Attorneys
   U.S. Department of Justice, Civil Division
   Federal Programs Branch
   1100 L St., NW, Twelfth Floor
   Washington, DC 20530
   Tel: (202) 353-5652
   Fax: (202) 616-8470
   Email: Lydia.Jines@usdoj.gov

Counsel for Defendants

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>    Defendants. | Case No. 3:25-cv-03070-JD<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF ASKING THE COURT TO SET A STATUS CONFERENCE**<br><br>Judge: Hon. James Donato |

     Defendants Donald J. Trump *et al.* respectfully oppose Plaintiffs' Motion for Administrative Relief, ECF No. 73 ("Pls.' Mot."), and ask the Court to decline to set a status conference or otherwise

Defs.' Resp. to Pls.' Mot. for Administrative Relief
3:25-cv-03070-JD                                                       1

enter a schedule for further proceedings until the Ninth Circuit rules on the pending appeal of this Court's preliminary injunction.

1. This Court has twice vacated the previously scheduled case management conference in light of the ongoing preliminary injunction proceedings. The Court originally set the case management conference for July 3, 2025. Order, ECF No. 24. On May 20, 2025, when scheduling the June 18 hearing on Plaintiffs' preliminary injunction motion, the Court vacated the July 3 conference. Docket Order, ECF No. 49. On June 24, 2025, the Court granted Plaintiffs' motion for preliminary injunction, Order, ECF No. 60, and in the same Order, "set[] a case management conference for July 17, 2025." *Id.* at 29.

2. On June 26, 2025, Defendants appealed that Order to the United States Court of Appeals for the Ninth Circuit. ECF No. 61. On July 7, 2025, the Ninth Circuit issued an administrative stay of the preliminary injunction.[1] ECF No. 68. On July 15, 2025, "[i]n light of the appellate proceedings," this Court vacated the case management conference scheduled for July 17. Docket Order, ECF No. 71.

3. Thus, twice now this Court has signaled that its determination of the remaining proceedings in this case should yield to the preliminary injunction proceedings. And that makes good sense for several reasons.

4. First, awaiting "a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues" is "at least a good, if not an excellent" reason to delay proceedings. *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009). District courts have "broad discretion in supervising the pretrial phase of litigation," including whether to issue, adjust, or enforce scheduling orders. *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). As such, the Court may consider many factors, including efficiency, judicial economy, the status of related proceedings, and fairness when making scheduling decisions. *See, e.g., Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Here, the Ninth Circuit's decision will likely provide relevant guidance on key legal questions, which will streamline any remaining proceedings. Indeed, the

---

[1] Thereafter, on August 1, 2025, the Ninth Circuit granted Defendants' motion for a stay of the preliminary injunction pending appeal. ECF No. 72.

1 Ninth Circuit's decision may be dispositive of the case on the merits because the Ninth Circuit has
2 flagged Defendants' jurisdictional arguments and may well address them when issuing an opinion on
3 Defendants' pending appeal.  *See Am. Fed'n of Gov't Emps. v. Trump*, No. 25-4014, 2025 WL 2180674,
4 at *5 n. 2 (9th Cir. Aug. 14, 2025) (explaining that it did "not reach the government's jurisdictional
5 argument because [it was] not considering an appeal of the preliminary injunction").  If Defendants
6 prevail on their channeling or other jurisdictional arguments, that will obviate any need for further
7 proceedings.  Moreover, "the ultimate relief sought by Plaintiffs [here] is a permanent injunction, similar
8 to the relief granted by the preliminary injunction." *Flores v. Bennett*, 675 F.Supp.3d 1052, 1063 (E.D.
9 Cal. June 1, 2023).  Thus, "[t]he Ninth Circuit's ruling on Defendants' appeal of the preliminary
10 injunction likely will simplify the issues and questions of law for the remainder of litigation in this
11 matter." *Id.*  At a minimum, the Ninth Circuit's decision will likely inform this Court's analysis of the
12 level of deference owed to the President's national security determinations or the standard to be applied
13 in this Court's review.  *See Am. Fed'n of Gov't Emps.*, 2025 WL 2180674, at *4 (questioning whether
14 the court "can take up [arguments that] invite [it] to assess whether the President's stated reasons for
15 exercising national security authority—clearly conferred to him by statute—were pretextual").
16 Accordingly, it would be inefficient for this Court to proceed on the merits and thereby "waste scarce
17 judicial resources to grapple with the same legal questions before the Ninth Circuit[.]" *Flores*, 675
18 F. Supp. 3d at 1064.   And "the potential waste of judicial and private resources and the risk of
19 inconsistent judgments outweigh any potential harm Plaintiffs may suffer by a delay in reaching a final
20 adjudication of their claims." *Id.* at 1052.  Even if not dispositive, the Ninth Circuit's opinion will
21 invariably shed light on how this Court should approach the parties' arguments, thus allowing for a more
22 efficient adjudication on the merits.[2]

23     5.    Second, Plaintiffs' suggestion that "a disposition on the merits" would take "far less time
24 than it [takes] to process [an] appeal," Pls.' Mot. at ¶ 7 (quoting *Sports Form, Inc. v. United Press*
25 *Intern., Inc.*, 686 F.2d 750, 753 (9th Cir. 1982)), is unsubstantiated and belied by the facts here.  The

---

[2] As the appellate proceeding will likely clarify "the principal issues in the case," it may even inform the way this Court approaches its Case Management Order, including any "disclosure and discovery plan, [and] limits on discovery."  Civ. L.R. 16-10(b).

Defs.' Resp. to Pls.' Mot. for Administrative Relief
3:25-cv-03070-JD                 3

Ninth Circuit has entered an expedited briefing schedule for the pending preliminary injunction appeal, which is already underway and concludes on September 12, 2025.  Preliminary Injunction Schedule Notice at 7, *Am. Fed'n of Gov't Emps. v. Trump*, No. 25-4014 (9th Cir. June 26, 2025); *see also* Circuit Rule 3-3(b) (providing expedited schedule for preliminary injunction appeals).  Plaintiffs' contrary argument relies on the reasoning in a handful of inapposite Ninth Circuit cases.  Pls.' Mot. at ¶ 7.  The Ninth Circuit is poised to rule quickly on Defendants' appeal, as appellate briefing will be completed by September 12, 2025.  And, unlike the cases Plaintiffs rely on, this case has not "lain dormant."  *See Big Country Foods, Inc. v. Bd. Of Educ. Of Anchorage Sch. Dist.*, 868 F.2d 1085, 1087 (9th Cir. 1989).  Given the speed at which the Ninth Circuit has moved, the guidance that will likely come from its decision warrants delaying entering a scheduling order in this Court.

6. Third, any concern that the "disposition of [the appeal] 'may provide little guidance as to the disposition on the merits'" is inapplicable here, where the case "likely will not develop much beyond what already exists." *Oregon v. Azar*, 2019 WL 9045195 at *2 (D. Or. Sept. 17, 2019) (citing *Melendres v. Arpaio*, 695 F.3d 990, 1003 (9th Cir. 2012)).  This case does not require substantial discovery or factual development as Plaintiffs previously conceded in the Joint Case Management Statement.  *See* Joint Case Management Statement, ECF No. 69, at 6.  And, indeed, Defendants contend that no discovery is necessary because of the predominant legal questions that appropriately can be resolved on cross-motions for summary judgment, which Plaintiffs also agreed to in the Joint Case Management Statement.  *Id.*

7. Finally, Plaintiffs are not prejudiced by this approach.  As the Ninth Circuit recognized in its stay Order, Plaintiffs' asserted harms—weakened support for unions and paused administration of dues collection—are speculative or remediable upon a favorable ruling.  *Am. Fed'n of Gov't Emps.*, 2025 WL 2180674, at *5.  Notwithstanding that certain agency Defendants now have terminated their CBAs, "any terminated agreements can be reinstated if Plaintiffs ultimately prevail," as the Ninth Circuit also noted.  *Id.*  In contrast, Defendants would suffer harm from having to unnecessarily expend resources on litigation that may be resolved by the pending appeal.  *See Flores*, 675 F. Supp. 3d at 1062–63 (considering "litigation costs to . . . file dispositive motions while awaiting a binding appellate decision" when weighing the parties' hardships).

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' Motion for Administrative Relief.

DATED: August 18, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
EMILY M. HALL
TYLER J. BECKER
Counsel to the Assistant Attorney General
Civil Division

ERIC HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

ALEXANDER K. HAAS
Director
Civil Division, Federal Programs Branch

JACQUELINE COLEMAN SNEAD
Assistant Branch Director
Civil Division, Federal Programs Branch

 /s/ Lydia J. Jines
LYDIA JINES (MD Bar No. 2205230001)
JEREMY MAURITZEN
SYED AHMAD
Trial Attorneys
LISA ZEIDNER MARCUS
Senior Counsel
U.S. Department of Justice, Civil Division
Federal Programs Branch
1100 L St., NW, Twelfth Floor
Washington, DC 20530
Tel: (202) 353-5652
Fax: (202) 616-8470
Email: Lydia.Jines@usdoj.gov

*Counsel for Defendants*