Danielle Leonard (SBN 218201)
Connie K. Chan (SBN 284230)
Anita Alem (SBN 353683)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064
dleonard @altber.com
cchan@altber.com
aalem@altber.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No. 3:25-cv-03070-JD <br><br> **JOINT CASE MANAGEMENT STATEMENT AND REQUEST FOR CASE MANAGEMENT CONFERENCE** |

JOINT CASE MANAGEMENT CONFERENCE STATEMENT; 3:25-CV-03070-JD

Plaintiffs American Federation of Government Employees, AFL-CIO, et al. ("Plaintiffs") and Defendants President Donald J. Trump, *et al.* ("Defendants") (together with Plaintiffs, the "Parties") have met and conferred following the Ninth Circuit Court of Appeal's opinions and return of the mandate in Case No. 25-4014, and jointly present this Case Management Statement and Request for Case Management Conference ("CMC") for the Court's consideration.  The parties request the Court set a CMC to discuss the proposed case schedule.  Counsel understand this Court holds CMCs on Thursdays at 10 a.m., and are available on July 30, or August 6 should the Court wish to schedule such a conference.

## 1.    Background

Six Plaintiff labor unions representing federal employees have sued to challenge President Trump's Executive Order 14251 as retaliation and viewpoint discrimination in violation of the First Amendment; as *ultra vires* in violation of 5 U.S.C. §7103(b)(1) and the separation of powers; and as violating rights to due process, property, and equal protection protected by the Fifth Amendment.  Dkt. 1.  Plaintiffs sought a preliminary injunction, which this Court granted on June 24, 2025.  Dkt. 60.  Defendants appealed.  Dkt. 61.  The Parties met and conferred pursuant to Federal Rule of Civil Procedure 26 and filed a Joint Case Management Conference Statement.  Dkt. 69.  This Court vacated the Case Management Conference, Dkt. 71, and denied Plaintiffs' subsequent request to set a status conference, Dkt. 76, in light of the appeal.

On August 1, 2025, the Ninth Circuit stayed the preliminary injunction pending the appeal.  Ninth Circuit Case No. 25-4014, Dkt. 32.  On February 26, 2026, the Ninth Circuit vacated the injunction.  *Id.*, Dkt. 84.  No petition for rehearing en banc nor a petition for certiorari to the Supreme Court was filed.  *Id.*, Dkts. 85, 86, 87.  On June 17, 2026, the Ninth Circuit issued an Order and Amended Opinion and issued the mandate.  *Id.*, Dkt. 90.

The Parties subsequently met and conferred and present here for the Court's consideration their positions regarding the next steps in this case.

## 2.    Discovery

The parties dispute whether discovery is appropriate and whether Plaintiffs' current August 10 deadline for Defendants to respond to Plaintiffs' discovery requests should be stayed.

*Plaintiffs' Position:*

Per the applicable rules, discovery opened following the parties' previous Rule 26 conference (*see* ECF 69).  Plaintiffs' counsel have evaluated the need for discovery in light of this Court's and the Ninth Circuit's decisions in this case, and following the issuance of the mandate from the Ninth Circuit, Plaintiffs served Defendants with their First Set of Requests for Production of Documents.  The deadline pursuant to Rule 34 for Defendants' response and production is August 10, 2026.  During the meet and confer process for this joint CMC statement, Defendants informed Plaintiffs that they intend to object to any discovery and would like to stay discovery pending resolution of a motion to dismiss.

No stay of discovery is warranted or appropriate, particularly in light of Defendant's newly proposed motion to dismiss.  As discussed further below with respect to motions, the original deadline for any Rule 12 motion was July 11, 2025, following one stipulated extension (*see* ECF 51).  Defendants elected not to file a responsive pleadings motion at that time.  Instead, Defendants requested and Plaintiffs agreed to defer that deadline pending resolution of any summary judgment motions (*see* ECF 69 at 6).

Defendants now propose to file what is effectively an early (and potentially partial) motion for summary judgment, in an attempt to avoid discovery.  Plaintiffs respectfully submit that the most efficient manner to proceed is to resolve the parties' dispute regarding the availability of discovery, complete discovery, and evaluate the need for dispositive motions at that time.  Defendants' proposal assumes the outcome they seek (with respect to both the availability of discovery and the validity of any motion to dismiss), and puts the cart before the horse.  Defendants previously briefed and lost their challenge to this Court's subject matter jurisdiction, in both this Court and the Ninth Circuit.  Defendants appear to intend to assert challenges to the sufficiency of Plaintiffs' allegations with respect to the remaining claims (which certainly will fail with respect to at the very least Plaintiffs' First Amendment claims, following the rulings of this Court and the Ninth Circuit).  Defendants provide no good reason to entertain Defendants' attempt, at this stage of the proceedings, to revisit

the pleadings piecemeal, nor to halt discovery.[1]  If any dispositive arguments remain following discovery, the Court and parties can set a schedule for the efficient resolution.

Plaintiffs wish to avoid further delays in obtaining the discovery with respect to their pending claims.  In light of Defendants' intention to object to Plaintiffs' current document requests (and indeed any discovery in this case), and to move this dispute forward most expeditiously, Plaintiffs propose a short and efficient briefing schedule with respect to the parties' dispute regarding the availability of discovery, if the Court is amendable.  Alternatively, the parties can comply with this Court's Standing Order on Civil Discovery and present this dispute by way of joint letter, filed by no later than August 14, 2026, following the deadline for Defendants' response to Plaintiffs' current written requests.  If the Court is amendable to briefing, Plaintiffs propose the following briefing schedule on the legal issue of whether discovery should proceed:

Defendants' file their opening brief by no later than:      August 12, 2026

Plaintiffs' file their response by no later than:      August 26, 2026

Defendants' reply, if any by no later than:      September 2, 2026

If necessary, hearing, to be scheduled at the Court's convenience the week of September 14, 2026 or thereafter.

*Defendants' Position:*

A stay of Plaintiffs' August 10 discovery deadline is warranted while the Court examines which, if any, of Plaintiffs' claims can survive a Rule 12 motion.  District courts have "broad discretion to stay discovery pending the resolution of a potentially dispositive motion, including a motion to dismiss."  *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007).  As the

---

[1] "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *In re Nexus 6p Products Liab. Litig.*, No. 17-cv-2185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (quoting *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011)).  In any event, "district courts look unfavorably upon such blanket stays of discovery." *Cain v. JPay, Inc.*, No. 21-cv-7401-FLA (AGRx), 2022 WL 1840342, at *1 (C.D. Cal. Apr. 4, 2022) (citation omitted); *see also AFGE v. Trump*, N.D. Cal. Case No. 25-cv-03698-SI (Dkt. No. 228, Order of July 25, 2025) (denying government defendants' request for stay of discovery pending resolution of motion to dismiss).  Any disputes regarding the scope or content of Plaintiffs' requests (which involve basic fact discovery regarding plaintiffs, the actions at issue, and also seek communications with third parties outside the government, which cannot be privileged), can be resolved in the normal course.

Supreme Court has recognized, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (quoting § 1216 Statement of the Claim—Significance of "Claim for Relief", 5 Fed. Prac. & Proc. Civ. § 1216 (4th ed.)).  Thus, contrary to Plaintiffs' assertions, the efficient path forward is to resolve the legal questions which make up this case before diving headlong into discovery as the federal rules envision.

This is especially true in this case where Plaintiffs have served Defendants with thirty-three (33) separate requests for production—including large troves of email communications—from the twenty (20) agencies named in this suit and their agency heads, as well as the White House and the Office of Personnel Management.  These requests—even were discovery appropriate, which it is not—are unduly broad, burdensome, and involve complicated questions of privilege and the exacting considerations of discovery sought from the White House.  *See generally Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 385 (2004).  Before forcing the parties and the Court through the tedious efforts of adjudicating Plaintiffs' individual discovery requests, judicial efficiency is best served by first adjudicating if Plaintiffs can advance their claims and whether discovery is appropriate in this case in the first instance.  At the very least, determining which, if any, of Plaintiffs' claims can survive and the appropriate scope of discovery will serve to narrow the scope of any discovery, avoiding the burdens Plaintiffs' served discovery will undoubtedly cause.

Defendants are willing and able to brief the propriety of discovery in either traditional briefing or in a joint letter brief alongside their dispositive motion proposed below.  As such, Defendants propose submitting briefing on the propriety of discovery at the same time as their dispositive motion. Defendants propose that they submit a motion to dismiss and briefing on the priority of discovery no later than August 28, 2026, with response and reply governed by the time periods set out in the local rules.  Alternatively, if the Court believes that a joint letter brief on the propriety of discovery is more appropriate, Defendants propose that it also be due on August 28, 2026.

//

//

**3.    Motions**

Plaintiffs' unopposed motion to substitute law firms, filed pursuant to this Court's Local Rules and model form motion, is pending.  ECF 80.  Plaintiffs respectfully request that motion be granted.  No other motions are currently pending.

The parties dispute whether dispositive motions are appropriate in this case.

*Plaintiffs' Position:*

Plaintiffs propose the parties and the Court revisit the need and/or schedule for any dispositive motions following the close of discovery.  Defendants' proposed motion to dismiss, filed more than a year after the original deadline for responsive pleading and/or Rule 12 motions in this case (which the parties agreed to defer, more efficiently, to the summary judgment stage), is effectively an attempt to move for summary judgment without discovery.  This Court and the Ninth Circuit have already resolved (and rejected) Defendants' arguments with respect to lack of subject matter jurisdiction, and any arguments with respect to the sufficiency of Plaintiffs' claims are more efficiently evaluated on the record to be established after discovery.  Further, there is no basis to stay discovery pending resolution of such a motion: that request assumes the conclusion that Defendants wish this Court to reach.  Plaintiffs do not agree with Defendants' below assertion that these claims raise purely issues of law.  As discussed above, Plaintiffs respectfully propose the efficient way to proceed is to resolve any objections to discovery, complete the discovery that is warranted, and evaluate the need for dispositive motions (if any, in light of fact disputes) at that time.

*Defendants' Position:*

Defendants believe that a dispositive motion is necessary prior to discovery to either resolve this matter without the need for discovery, or significantly narrow the relevant questions, and thus the scope of Plaintiffs expansive discovery requests.

Plaintiffs' suggestion that Defendants missed a deadline to file a motion to dismiss is baseless.  After initially stipulating to extend Defendants' deadline to respond to the Complaint to July 11, 2025, ECF No. 51, the parties further agreed to stay Defendants' "obligation" to respond to the Complaint, ECF No. 69 at 6.  Although the parties "anticipate[d]" filling cross-motions for summary

judgment, *id.*, Defendants did not somehow forfeit their right to file a response to the Complaint, including a motion to dismiss.

Nor will Defendants' motion to dismiss be a premature attempt at summary judgment without discovery. The parties previously recognized that the case largely—if not entirely—turned on questions of law, not fact, *id.* at 4–5, and Plaintiffs averred that they did not "expect extensive discovery," *id.* at 6. Defendants asserted, as they do now, that "[b]ecause this case may be decided on questions of law alone, discovery is neither necessary nor appropriate in this case." *Id.* Indeed, while Plaintiffs claim that Defendants' intended motion will fail at least as to Plaintiffs' First Amendment retaliation claim, the Ninth Circuit twice ruled in the Government's favor on that claim. Plaintiffs' other claims turn entirely on legal questions.

Accordingly, Defendants' motion to dismiss will not require discovery to resolve. In any event, if, upon reviewing Defendants' motion to dismiss, the Court determines that it relies on matters outside the pleadings, it may convert that motion to a motion for summary judgment, *see* Fed. R. Civ. P. 12(e), and permit any appropriate discovery at that time.

**4.    Schedule**

*Plaintiffs' Position:*

Plaintiffs anticipate discovery that would require 3-4 months to complete, and request a fact discovery cut-off of December 15, 2026 (absent further disputes that warrant extending that deadline). Plaintiffs have appropriately evaluated the need for discovery in light of this Court's and the Ninth Circuit's rulings in this case, and the statements of Plaintiffs (prior) counsel regarding then-current plans were made prior to evaluation of the Ninth Circuit's rulings, and were always subject to appropriate revision in light of the evolving circumstances. Plaintiffs request the Court reject Defendants' request to file a pleadings motion at this time. Plaintiffs propose that the parties and the Court revisit the issue of the need and schedule for any dispositive summary judgment motions after the close of discovery. Plaintiffs request a pretrial conference date and trial date be set in early 2027.

Should the Court be inclined to set a schedule on any motion to dismiss, discovery should not be delayed by a stay pending resolution of that motion, which could be considered concurrently with the parties conducting discovery. If the Court is inclined to entertain such a motion, Plaintiffs request

the deadline for filing be August 10, 2026 (which is two months following the Ninth Circuit's mandate) with the opposition and replies due pursuant to the Local Rules.  There is no reason to delay filings until August 28, 2026, as Defendants have requested.  Should the Court disagree, and set the deadline for Defendants' motion for August 28, 2026, in light of pre-existing conflicts, Plaintiffs request until September 18, 2026 for their opposition.

*Defendants' Position:*

Plaintiffs' served discovery is both inconsistent with their earlier assertions that they did "not anticipate the need for extensive discovery[,]" Dkt. 69 at 7, and that any discovery could be completed in less than a month, *id.* at 9.  Defendants believe the parties should begin by briefing a dispositive motion to resolve this case and the propriety of discovery without the need for intrusive and burdensome discovery.  After, if any of Plaintiffs' claims survive and the Court determines some scope of discovery is warranted, Plaintiffs may amend their requests to match that scope.

As suggested above, Defendants propose that they submit a motion to dismiss and briefing on the priority of discovery no later than August 28, 2026, with response and reply governed by the time periods set out in the local rules.  Defendants suggest August 28 based on pre-existing leave scheduled for several of Defendants' counsel.  If the Court believes that a joint letter brief on the propriety of discovery is more appropriate, Defendants propose that it also be due on August 28, 2026.

DATED: July 24, 2026                              Respectfully submitted,

Danielle E. Leonard
Connie K. Chan
Anita Alem
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
dleonard@altshulerberzon.com
cchan@altshulerberzon.com
aalem@altshulerberzon.com

By: */s/ Danielle Leonard*

*Attorneys for Plaintiffs*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

TYLER BECKER
Counsel to the Assistant Attorney General
Civil Division

NOAH T. KATZEN
Assistant Branch Director
Civil Division, Federal Programs Branch

By: */s/ Benjamin Kurland*
      BENJAMIN S. KURLAND
      Trial Attorney
      United States Department of Justice
      Civil Division, Federal Programs Branch
      1100 L Street, NW
      Washington, DC 20005
      Tel: (202) 598-7755
      ben.kurland@usdoj.gov

*Counsel for Defendants*

**DECLARATION PURSUANT TO CIV. L.R. 5-1(i)(3)**

I, Danielle Leonard, declare that I have obtained the concurrence in the filing of this document from each of the Defendant signatories listed above.

I declare under penalty of perjury that the foregoing declaration is true and correct. Executed on July 24, 2026, in San Francisco, California.

_/s/ Danielle Leonard_
Danielle E. Leonard
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
dleonard@altshulerberzon.com

_Attorney for Plaintiffs_