ANITA T. ALEM
JAMES BALTZER
JACQLYN BLATTEIS
HAMILTON CANDEE
MAX CARTER-OBERSTONE
EVE H. CERVANTEZ
CONNIE K. CHAN
BARBARA J. CHISHOLM
LISA DEMIDOVICH
ELIZABETH ESHLEMAN
JAMES M. FINBERG
EILEEN B. GOLDSMITH
CORINNE JOHNSON
SCOTT A. KRONLAND
JONAH J. LALAS
JUHYUNG HAROLD LEE
DANIELLE E. LEONARD
JESSICA LEVY
STACEY M. LEYTON
MARISA C. LOWE
AMANDA C. LYNCH
MATTHEW J. MURRAY
ZOE PALITZ
JONATHAN ROSENTHAL
MICHAEL RUBIN
TALIA STENDER
ROBIN S. THOLIN
EMANUEL A. WADDELL
ALICE X. WANG

FRED H. ALTSHULER (1943-2024)
FOUNDING PARTNER

STEPHEN P. BERZON
FOUNDING PARTNER
PARTNER EMERITUS
SPECIAL COUNSEL

PETER D. NUSSBAUM
JEFFREY B. DEMAIN
DANIEL T. PURTELL
PARTNERS EMERITUS

LACHLAN ATHANASIOU
ALEXANDER PECHT
FELLOWS

*Via ECF* September 1, 2026

The Honorable James Donato
United States District Court
Northern District of California
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *American Federation of Government Employees, AFL-CIO, et al. v. Trump, et al.*, Case No. 3:25-cv-03070

Dear Judge Donato:

Plaintiffs American Federation of Government Employees, AFL-CIO, *et al.*, submit this letter regarding document discovery sought from Defendants President Donald J. Trump, *et al.* Plaintiffs' counsel have met and conferred by videoconference with Defendants' counsel regarding Plaintiffs' requests and Defendants' responses pursuant to the Standing Order for Discovery in Civil Cases Before Judge Donato and the Local Rules of the Northern District of California.

As explained further below, Defendants have objected completely to responding to any discovery in this action on separation of powers grounds, contending that the merits of Plaintiffs' claims challenging Executive Order 14251 (as violating the First Amendment, ultra vires action, and several other grounds) must be resolved solely on the face of the Executive Order and without any discovery. Plaintiffs disagree with those objections as a matter of law. These are weighty and important issues, and having conferred with Defendants, Plaintiffs propose and request that the Court resolve the issues after further briefing on Plaintiffs' motion to compel. Plaintiffs first explain the nature of the document requests, and Defendants' responses, and then propose a schedule for presentation of a motion to compel. Additionally, the parties have recently requested the Court schedule a Case Management Conference (previously cancelled by

the Court in light of the appeal from the preliminary injunction order, *see* Dkt. 71). *See* Dkt. 83 (Joint Case Management Conference Statement). The parties would like to discuss the case schedule, as discussed in that Statement. Having conferred, both Plaintiffs' and Defendants' counsel are available on September 17 if the Court is available.

**Background**

This case involves the President's unprecedented Executive Order 14251 (the "EO"), which removed the right to collectively bargain from employees at the majority of federal agencies. The six Plaintiff labor unions representing federal employees across the government alleged that this EO was retaliation and viewpoint discrimination in violation of the First Amendment; was *ultra vires* in violation of 5 U.S.C. §7103(b)(1) and the separation of powers; and violated rights to due process, property, and equal protection protected by the Fifth Amendment. Dkt. 1. Thus, Plaintiffs contend that while framed as a decision applying 5 U.S.C. §7103(b)(1), the EO was issued for other reasons, and those reasons were unlawful. Plaintiffs sought a preliminary injunction. This Court granted the injunction pending resolution of Plaintiffs' claims on a fully developed record, on the grounds of Plaintiffs' likelihood of success on their First Amendment retaliation claims. Dkt. 60.

Defendants moved for an emergency stay, which this Court denied but the Ninth Circuit granted. Dkt. 65, 73. In the meantime, the parties through counsel conducted a Rule 26 conference and filed their Rule 26 statement. Dkt. 69. This Court vacated the Case Management Conference pending appeal. Dkt. 71.

On the merits of Defendants' appeal, the Ninth Circuit vacated the preliminary injunction and, after amending the decision, eventually issued the mandate. Dkt. 77; Ninth Circuit Case No. 25-4014, Dkts. 84, 90. The Ninth Circuit decision emphasized that resolution of the preliminary injunction was based on the record before it, and remanded the case for further development and proceedings. *See Am. Fed'n of Gov't Emps., AFL-CIO v. Trump*, 178 F.4th 456, 466-68 (9th Cir. 2026). Judge Owens in concurrence noted that the "fully developed factual record may be materially different from that initially before the district court." *Id.* at 469.

Following the Ninth Circuit's issuance of the mandate, Plaintiffs commenced discovery on July 10, 2026, by serving Plaintiffs' First Set of Requests for the Production of Documents to Defendants ("RFPs"). An excerpt of those RFPs is attached hereto as **Exhibit 1**, sufficient to illustrate the substance of Plaintiffs' requests. On August 12, 2026, Defendants timely served Defendants' Responses and Objections to those RFPs, an excerpt of which is attached hereto as **Exhibit 2**, sufficient to illustrate the substance of Defendants' objections. Defendants refuse to search for or produce documents on the basis of their objections.

**Plaintiffs Request that this Court Order Briefing on Discovery**

Plaintiffs' requests sought communications within federal agencies regarding the exclusions from collective bargaining set forth in the EO and the related White House "Fact

Sheet"; communications with third parties regarding the EO and any exclusions from bargaining; agency reports required by the EO; documents containing analysis on which the EO was based; documents pertaining to the Plaintiffs; documents pertaining to other unions subject to different treatment than Plaintiffs; and documents pertaining to Defendants' defenses. Ex. 1 at RFP Nos. 1-33.

Defendants make blanket objections to discovery, claiming that no discovery is "required or relevant" in this action and that any discovery would violate the separation of powers. Ex. 2 at ¶¶ 10, 11 ("Defendants object to all discovery in this matter as unnecessary, irrelevant, and a violation of the separation of powers in requesting and considering extrinsic evidence in the face of the facially neutral Executive Order."). Defendants have refused to search for responsive documents, and do not identify where responsive documents do or do not exist.

The parties' meet and confer was unable to resolve their dispute regarding the availability of discovery in this case in general or with respect to this set of document requests in particular.

Because Defendants' objections raise significant legal issues, Plaintiffs propose these issues be resolved by way of further briefing beyond this letter, in the form of Plaintiffs' motion to compel (or whatever form of further briefing on this issue the Court would prefer). Further briefing of such a motion, consistent with the page limits in this Court's Standing Order, would permit the parties to present the legal dispute for this Court's consideration. Plaintiffs propose the following briefing schedule:

- Plaintiffs' motion/opening brief due no later than: **September 21, 2026**
- Defendants' opposing brief due no later than: **October 12, 2026**
- Plaintiffs' reply brief, if any, due no later than: **October 26, 2026**

Should the Court be amenable to such briefing, Defendants have confirmed that they are amenable to the above schedule as well.

As explained in the Parties' July 24, 2026, Joint Case Management Conference Statement and Request for Case Management Conference, Dkt. 83, Defendants contend that any discovery disputes should be resolved only after resolution of a forthcoming motion to dismiss. Plaintiffs disagree, and contend that at this stage of this litigation, any dispositive motions should await discovery. Defendants previously elected not to file a responsive pleadings motion and Plaintiffs, at Defendants' request, agreed to defer the deadline pending resolution of any summary judgment motions (*see* Dkt. 69 at 6). Attempting to avoid discovery, Defendants now propose, essentially, a premature motion for summary judgment. Plaintiffs join in the request to reschedule the Case Management Conference to discuss further scheduling in the case, but oppose any request to delay resolution of the availability of discovery until after a pleadings motion.

Sincerely,

Danielle E. Leonard
Altshuler Berzon LLP

Counsel for Plaintiffs

Encl. Exs. 1, 2

# Exhibit 1

Danielle Leonard (SBN 218201)
Connie K. Chan (SBN 284230)
Anita Alem (SBN 353683)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064
dleonard @altber.com
cchan@altber.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>Defendants. | Case No. 3:25-cv-03070-JD<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS** |

8. EXECUTIVE ORDER 14251 means the Executive Order issued on March 27, 2025, entitled "Exclusions from Federal Labor-Management Relations Programs."

9. PRESIDENT means President Donald J. Trump.

10. DOGE means the "United States DOGE Service" created by Exec. Order No. 14158, 90 Fed. Reg. 8441 (Jan. 20, 2025), and includes the "temporary organization known as 'the U.S. DOGE Service Temporary Organization…dedicated to advancing the President's "18-month DOGE agenda," *id.*, that was previously led by Elon Musk.

11. FEDERAL AGENCY DEFENDANT(S) means the DEFENDANTS listed in the operative Complaint and impacted by EXECUTIVE ORDER 14251, including: Department of State, United States Agency for International Development, Department of Defense, Department of Treasury, Department of Veterans Affairs, Department of Justice, Department of Health and Human Services, Department of Homeland Security, Department of the Interior, Department of Energy, Department of Agriculture, Environmental Protection Agency, National Science Foundation, United States International Trade Commission, General Services Administration, Department of Transportation, Social Security Administration, Department of Labor, Department of Housing and Urban Development, Department of Education.

12. NON-PARTY means individuals and entities, other than PLAINTIFFS, that are not federal government agencies, officials, or employees.

## **REQUESTS FOR PRODUCTION**

1. All COMMUNICATIONS within or between OPM, OMB, DOGE, or the Executive Office of the President (or any combination thereof) regarding Executive Order 14251 in whole or part, including with respect to exclusions from collective bargaining under Chapter 71 pursuant to 5 U.S.C. § 7103(b) or any exceptions to those exclusions.

2. All COMMUNICATIONS within or between OPM, OMB, DOGE, or the Executive Office of the President (or any combination thereof), regarding the Fact Sheet issued by the White House on March 27, 2025 for Executive Order 14251 in whole or part, including exclusions from

collective bargaining under Chapter 71 pursuant to 5 U.S.C. § 7103(b) and any exceptions to those exclusions.

3. ALL COMMUNICATIONS between OPM, OMB, DOGE, or the Executive Office of the President and any FEDERAL AGENCY DEFENDANT regarding Executive Order 14251 in whole or part, including exclusions from collective bargaining under Chapter 71 pursuant to 5 U.S.C. § 7103(b) and any exceptions to those exclusions.

4. All press releases or similar statements issued to the press regarding EO 14251, including but not limited to statements by anyone affiliated with the White House press office, e-mails to the press, or posts on social media including X.

5. All versions of Executive Order 14251.

6. All versions of the Fact Sheet issued by the White House on March 27, 2025 for Executive Order 14251.

7. All reports submitted by federal agencies pursuant to Section 7 of EXECUTIVE ORDER 14251.

8. All COMMUNICATIONS between any FEDERAL AGENCY DEFENDANT and OMB or OPM regarding any report submitted pursuant to Section 7 of EXECUTIVE ORDER 14251.

9. All COMMUNICATIONS dated January 20, 2025 through April 30, 2025, between OPM, OMB, DOGE, or the Executive Office of the President and any NON-PARTY regarding EXECUTIVE ORDER 14251 in whole or part, including exclusions from collective bargaining under Chapter 71 pursuant to 5 U.S.C. § 7103(b) and any exceptions to those exclusions.

10. All COMMUNICATIONS dated January 20, 2025 through April 30, 2025, between any FEDERAL AGENCY DEFENDANT and any NON-PARTY regarding Executive Order 14251 in whole or part, including exclusions from collective bargaining under Chapter 71 pursuant to 5 U.S.C. § 7103(b) and any exceptions to those exclusions.

11. All COMMUNICATIONS dated January 20, 2025 through April 30, 2025, between OPM, OMB, DOGE or the Executive Office of the President and any NON-PARTY discussing or referring to the exemption in EXECUTIVE ORDER 14251, or otherwise whether or not

EXECUTIVE ORDER 14251 would apply to any or all of "agency police officers, security guards, or firefighters."

12. All COMMUNICATIONS dated January 20, 2025 through April 30, 2025, between OPM, OMB, DOGE or the Executive Office of the President and any NON-PARTY discussing or referring to whether or not EXECUTIVE ORDER 14251 would apply to the Bureau of Prisons.

13. All COMMUNICATIONS dated January 20, 2025 through April 30, 2025 between any FEDERAL AGENCY DEFENDANT and any NON-PARTY discussing or referring to whether or not EXECUTIVE ORDER 14251 would apply to the Bureau of Prisons.

14. All COMMUNICATIONS dated January 20, 2025 through April 30, 2025, between OPM, OMB, DOGE or the Executive Office of the President and any NON-PARTY discussing or referring to the "Delegation of Authority" to the Secretaries of Defense, Veterans Affairs, or Transportation in EXECUTIVE ORDER 14251.

15. All COMMUNICATIONS dated January 20, 2025 through April 30, 2025, between any FEDERAL AGENCY DEFENDANT and any NON-PARTY discussing or referring to the "Delegation of Authority" to the Secretaries of Defense, Veterans Affairs, or Transportation in EXECUTIVE ORDER 14251.

16. All COMMUNICATIONS dated January 20, 2025 through April 30, 2025, between OPM, OMB, DOGE or the Executive Office of the President and any NON-PARTY discussing or referring to whether or not EXECUTIVE ORDER 14251 would apply to the Bureau of Engraving and Printing within Defendant U.S. Department of the Treasury.

17. All COMMUNICATIONS dated January 20, 2025 through April 30, 2025 between any FEDERAL AGENCY DEFENDANT and any NON-PARTY discussing or referring to whether or not EXECUTIVE ORDER 14251 would apply to the Bureau of Engraving and Printing within Defendant U.S. Department of the Treasury.

18. All DOCUMENTS containing or referring to any analysis, assessment, calculation or other determination that any or all of the "agencies and agency subdivisions set forth in section 2 of" EXECUTIVE ORDER 14251 "have as a primary function intelligence, counterintelligence, investigative, or national security work," on which EXECUTIVE ORDER 14251 was based.

19. All DOCUMENTS containing or referring to any analysis, assessment, calculation or other determination that "Chapter 71 of title 5, United States Code, cannot be applied to" any or all of the "agencies and agency subdivisions set forth in section 2 of" EXECUTIVE ORDER 14251 "in a manner consistent with national security requirements and considerations."

20. All COMMUNICATIONS between January 20, 2025 and April 30, 2025 discussing or referencing whether any or all of the "agencies and agency subdivisions set forth in section 2 of" EXECUTIVE ORDER 14251 "have as a primary function intelligence, counterintelligence, investigative, or national security work."

21. All COMMUNICATIONS between January 20, 2025 and April 30, 2025 discussing or referencing whether "Chapter 71 of title 5, United States Code, cannot be applied to" any or all of the "agencies and agency subdivisions set forth in section 2 of" EXECUTIVE ORDER 14251 "in a manner consistent with national security requirements and considerations."

22. All DOCUMENTS, including COMMUNICATIONS, dated January 20, 2025 to March 27, 2025 in the possession of OMB, OPM, DOGE, or the Executive Office of the President discussing or referring to Plaintiff the American Federation of Government Employees (AFGE) or AFGE President Everett Kelley.

23. All DOCUMENTS, including COMMUNICATIONS, dated January 20, 2025 to March 27, 2025 in the possession of OMB, OPM, DOGE, or the Executive Office of the President discussing or referring to Plaintiff the American Federation of State, County and Municipal Employees.

24. All DOCUMENTS, including COMMUNICATIONS, dated January 20, 2025 to March 27, 2025 in the possession of OMB, OPM, DOGE, or the Executive Office of the President discussing or referring to Plaintiff the National Nurses Organizing Committee/National Nurses United.

25. All DOCUMENTS, including COMMUNICATIONS, dated January 20, 2025 to March 27, 2025 in the possession of OMB, OPM, DOGE, or the Executive Office of the President discussing or referring to Plaintiff the Service Employees International Union.

26. All DOCUMENTS, including COMMUNICATIONS, dated January 20, 2025 to March 27, 2025 in the possession of OMB, OPM, DOGE, or the Executive Office of the President discussing or referring to Plaintiff the National Association of Government Employees.

27. All DOCUMENTS, including COMMUNICATIONS, dated January 20, 2025 to March 27, 2025 in the possession of OMB, OPM, DOGE, or the Executive Office of the President discussing or referring to Plaintiff the National Federation of Federal Employees.

28. All DOCUMENTS, dated January 20, 2025 to March 27, 2025, and not otherwise produced in response to prior requests, describing, discussing, or referring to lawsuits, grievances, news statements, press releases, speeches, or social media activity by PLAINTIFFS. This Request does not include documents within the possession of Defendant Department of Justice or other FEDERAL AGENCY DEFENDANTS created for the purpose of defending any litigation.

29. All DOCUMENTS, dated January 20, 2025 to March 27, 2025, and not otherwise produced in response to prior requests, in the possession of OMB, OPM, DOGE, or the Executive Office of the President, discussing or referring to the International Brotherhood of Teamsters, International Association of Fire Fighters, and National Fraternal Order of Police, and EXECUTIVE ORDER 14251 or collective bargaining.

30. DOCUMENTS sufficient to show all Collective Bargaining Agreements that have been terminated as a result of Executive Order 14251.

31. All DOCUMENTS that contain or otherwise relate to the facts or information that DEFENDANTS contend refute, in any way, the allegations that DEFENDANTS retaliated and discriminated against PLAINTIFFS for First Amendment protected activity, as set forth in the Complaint in this action.

32. All DOCUMENTS that contain or otherwise relate to the facts or information that DEFENDANTS contend refute, in any way, any other allegations set forth in the Complaint in this action.

33. All DOCUMENTS that contain or otherwise relate to the facts or information that DEFENDANTS contend support any affirmative defenses to the claims set forth in the Complaint.

DATED: July 10, 2026

Respectfully submitted,

Danielle E. Leonard
Connie K. Chan
Anita Alem
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
dleonard@altshulerberzon.com
cchan@altshulerberzon.com
aalem@altber.com

By: */s/ Danielle Leonard*

*Attorneys for Plaintiffs*

# Exhibit 2

BRETT A. SHUMATE
Assistant Attorney General
ERIC HAMILTON
Deputy Assistant Attorney General
TYLER BECKER
Counsel to the Assistant Attorney General, Civil Division
ALEXANDER K. HAAS
Director
NOAH T. KATZEN
Assistant Branch Director
BENJAMIN S. KURLAND
D.C. Bar No. 1617521
JEREMY MAURITZEN
Trial Attorneys
U.S. Department of Justice, Civil Division
Federal Programs Branch
1100 L St., NW, Twelfth Floor
Washington, DC 20530
Tel: (202) 598-7755
Fax: (202) 616-8470
Email: ben.kurland@usdoj.gov

Counsel for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, *et al.*,, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> *Defendants*. | Case No. 3:25-cv-03070-JD <br><br> **DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS** |

case, Defendants will construe "COMMUNICATIONS" as limited to "documents or electronically stored information" or "tangible things."

8. Defendants object to the definition of "DOCUMENT(S)" as overbroad, unduly burdensome, disproportionate to the needs of this case, and beyond the scope of Defendants' obligations under the Federal Rules of Civil Procedure because it includes material that is not relevant to the claims or defenses in this case. Defendants further object to the definition of "DOCUMENT(S)" because it seeks production of "drafts" of any documents or any other pre-decisional documents protected from discovery by the deliberative process privilege. If discovery is ordered in this case, Defendants will interpret "DOCUMENT" and "DOCUMENTS" within the scope of Federal Rule of Civil Procedure and Federal Rule of Evidence 1001 as relevant and proportional to the needs of this case and the discrete issues in Plaintiffs' Requests.

**GENERAL OBJECTIONS**

9. The following general objections apply to, and are incorporated in, each individual response.

10. Defendants object to all discovery in this matter as all of Plaintiffs' claims involve legal questions to which no discovery is required or relevant. Defendants object to providing discovery prior to the Court's resolution of these legal questions and the Court's determination that discovery is appropriate in this matter. Defendants nonetheless provide these responses to preserve all rights to invoke privileges and other objections.

11. Defendants object to all discovery in this matter as unnecessary, irrelevant, and a violation of the separation of powers in requesting and considering extrinsic evidence in the face of the facially neutral Executive Order. *See Am. Fed'n of Gov't Emps., AFL-CIO v. Trump*, 178 F.4th 456, 467 (9th Cir. 2026) (questioning whether to consider documents beyond the Executive Order and limiting review to OPM Guidance and Fact Sheet); *see also Trump v. Hawaii*, 585 U.S. 667, 703 (2018) ("[W]e limited our review to whether the Executive gave a 'facially legitimate and bona fide' reason for its action. Given the authority of the political branches [in areas of national security], we held that 'when the Executive exercises [its] delegated power negatively on the basis of a facially legitimate and bona fide reason, the courts will neither look behind the exercise of that discretion, nor

test it by balancing its justification[.]'" (quoting *Kleindienst v. Mandel*, 408 U.S. 753, 769, 770 (1972))); *Ziglar v. Abbasi*, 582 U.S. 120, 142 (2017).

12. Defendants object to all requests seeking discovery from the White House as unduly burdensome and disproportionate to the needs of the case. *See generally Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 385 (2004). Plaintiffs' discovery requests propounded on White House officials would create an undue burden, distract them from their critical executive responsibilities, and violate the separation of powers. *See id.* at 385; *see also U.S. Doge Serv. v. Citizens for Resp. & Ethics in Washington*, 145 S. Ct. 1981 (2025) ("[S]eparation of powers concerns counsel judicial deference and restraint in the context of discovery regarding internal Executive Branch communications."). Plaintiffs' request for information from the White House is unduly burdensome and disproportionate to the needs of the case when Plaintiffs have not first exhausted all available opportunities to seek related information from other sources. *See, e.g.*, *In re Sealed Case*, 121 F.3d at 756 (D.C. Cir. 1997) ("[T]o overcome the presidential privilege it is necessary to demonstrate with specificity why it is likely that the subpoenaed materials contain important evidence and why this evidence, or equivalent evidence, is not practically available from another source."); *Wagafe v. Trump*, No. C17-94 RAJ, 2017 WL 5990134, at *3 (W.D. Wash. Oct. 19, 2017) ("intruding on the Executive in this context is a matter of last resort"); *cf. Karnoski v. Trump*, 926 F.3d 1180, 1207 (9th Cir. 2019) (vacating "district court's discovery orders because the district court did not fulfill its obligation 'to explore other avenues, short of forcing the Executive to invoke privilege'") (quoting *Cheney*, 542 U.S. at 390)).

13. Defendants object to these Requests because they seek internal communications involving White House personnel. Such requests are inappropriate because they may have the effect of seeking information protected by the presidential communications privilege, a "presumptive privilege" "fundamental to the operation of Government and inextricably rooted in the separation of powers under the Constitution" that attaches to presidential communications. *U.S. v. Nixon*, 418 U.S. 683, 708 (1974); *see In re Sealed Case*, 121 F.3d at 743–44. Although the presidential communications privilege can be overcome by showing a "specific need" in a criminal case, *Judicial Watch, Inc. v. Dep't of Justice*, 365 F.3d 1108, 1112 (D.C. Cir. 2004), the presumption against

18. Defendants object to the Requests that seek to require production of documents not in their possession, custody, or control.

19. Defendants object to Requests that seek documents that are publicly available, or are accessible to Plaintiffs, or would be less burdensome for Plaintiffs to obtain than Defendants. *See* Fed. R. Civ. P. 26(b)(2)(C)(ii).

20. Defendants incorporate all the foregoing objections in each of the responses below regardless of whether a specific objection is reasserted with respect to a specific request. A specific response may repeat a general objection for emphasis or some other reason. The lack of inclusion of any general objection in any specific response does not waive any general objection to that request. Moreover, the assertion of the same, similar, or additional objections in response to a specific request does not waive, limit, or modify any of Defendants' general objections or similar or separate specific objections raised in response to a request.

21. Defendants reserve the right to amend, supplement, or alter these objections at any time.

22. Nothing contained in the following specific objections and responses constitutes a waiver of any applicable objection or privilege as to the requested discovery.

**RESERVATION OF RIGHTS AND OBJECTIONS**

23. The foregoing general objections and the following specific objections and responses are based on the Defendants' interpretation of the Plaintiffs' requests for production and on information reasonably available to Defendants as of today. Defendants reserve the right to supplement these objections or responses if the Plaintiffs purport to interpret their requests differently than Defendants or if Defendants discover new information supporting additional objections or responses. Defendants also reserve the right to object to the admissibility of any information contained herein on the grounds of relevance, proportionality, accessibility, materiality, or any other appropriate ground.

**SPECIFIC OBJECTIONS & RESPONSES**

**REQUEST FOR PRODUCTION 1:** All COMMUNICATIONS within or between OPM, OMB, DOGE, or the Executive Office of the President (or any combination thereof) regarding

Executive Order 14251 in whole or part, including with respect to exclusions from collective bargaining under Chapter 71 pursuant to 5 U.S.C. § 7103(b) or any exceptions to those exclusions.

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 2:** All COMMUNICATIONS within or between OPM, OMB, DOGE, or the Executive Office of the President (or any combination thereof), regarding the Fact Sheet issued by the White House on March 27, 2025 for Executive Order 14251 in whole or part, including exclusions from collective bargaining under Chapter 71 pursuant to 5 U.S.C. § 7103(b) and any exceptions to those exclusions.

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 3:** ALL COMMUNICATIONS between OPM, OMB, DOGE, or the Executive Office of the President and any FEDERAL AGENCY DEFENDANT

regarding Executive Order 14251 in whole or part, including exclusions from collective bargaining under Chapter 71 pursuant to 5 U.S.C. § 7103(b) and any exceptions to those exclusions.

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 4:** All press releases or similar statements issued to the press regarding EO 14251, including but not limited to statements by anyone affiliated with the White House press office, e-mails to the press, or posts on social media including X.

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant. Defendants further object to this Request as it seeks information and documents that are publicly available. *See* Fed. R. Civ. P. 26(b)(2)(C)(ii).

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 5:** All versions of Executive Order 14251.

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and other privileges. Defendants further object to this Request as the Court may not consider evidence

beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 6:** All versions of the Fact Sheet issued by the White House on March 27, 2025 for Executive Order 14251.

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 7:** All reports submitted by federal agencies pursuant to Section 7 of EXECUTIVE ORDER 14251.

**Objection:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 8:** All COMMUNICATIONS between any FEDERAL AGENCY DEFENDANT and OMB or OPM regarding any report submitted pursuant to Section 7 of EXECUTIVE ORDER 14251.

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 9:** All COMMUNICATIONS dated January 20, 2025 through April 30, 2025, between OPM, OMB, DOGE, or the Executive Office of the President and any NON-PARTY regarding EXECUTIVE ORDER 14251 in whole or part, including exclusions from collective bargaining under Chapter 71 pursuant to 5 U.S.C. § 7103(b) and any exceptions to those exclusions.

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant. Defendants further object as communications regarding non-parties are not relevant to this case. Defendants further object to this Request as events after publication of the Executive Order on March 27, 2025 are irrelevant to Plaintiffs' claims.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 10:** All COMMUNICATIONS dated January 20, 2025 through April 30, 2025, between any FEDERAL AGENCY DEFENDANT and any NON-PARTY regarding Executive Order 14251 in whole or part, including exclusions from collective bargaining under Chapter 71 pursuant to 5 U.S.C. § 7103(b) and any exceptions to those exclusions.

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant. Defendants further object as communications regarding non-parties are not relevant to this case. Defendants further object to this Request as events after publication of the Executive Order on March 27, 2025 are irrelevant to Plaintiffs' claims.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 11:** All COMMUNICATIONS dated January 20, 2025 through April 30, 2025, between OPM, OMB, DOGE or the Executive Office of the President and any NON-PARTY discussing or referring to the exemption in EXECUTIVE ORDER 14251, or otherwise whether or not EXECUTIVE ORDER 14251 would apply to any or all of "agency police officers, security guards, or firefighters."

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant. Defendants further object as communications regarding non-parties are not relevant to this

case. Defendants further object to this Request as events after publication of the Executive Order on March 27, 2025 are irrelevant to Plaintiffs' claims.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 12:** All COMMUNICATIONS dated January 20, 2025 through April 30, 2025, between OPM, OMB, DOGE or the Executive Office of the President and any NON-PARTY discussing or referring to whether or not EXECUTIVE ORDER 14251 would apply to the Bureau of Prisons.

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant. Defendants further object as communications regarding non-parties are not relevant to this case. Defendants further object to this Request as events after publication of the Executive Order on March 27, 2025 are irrelevant to Plaintiffs' claims.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 13:** All COMMUNICATIONS dated January 20, 2025 through April 30, 2025 between any FEDERAL AGENCY DEFENDANT and any NON-PARTY discussing or referring to whether or not EXECUTIVE ORDER 14251 would apply to the Bureau of Prisons.

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and other privileges. Defendants further object to this Request as the Court may not consider evidence

beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant. Defendants further object as communications regarding non-parties are not relevant to this case. Defendants further object to this Request as events after publication of the Executive Order on March 27, 2025 are irrelevant to Plaintiffs' claims.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 14:** All COMMUNICATIONS dated January 20, 2025 through April 30, 2025, between OPM, OMB, DOGE or the Executive Office of the President and any NON-PARTY discussing or referring to the "Delegation of Authority" to the Secretaries of Defense, Veterans Affairs, or Transportation in EXECUTIVE ORDER 14251.

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant. Defendants further object as communications regarding non-parties are not relevant to this case. Defendants further object to this Request as events after publication of the Executive Order on March 27, 2025 are irrelevant to Plaintiffs' claims.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 15:** All COMMUNICATIONS dated January 20, 2025 through April 30, 2025, between any FEDERAL AGENCY DEFENDANT and any NON-PARTY discussing or referring to the "Delegation of Authority" to the Secretaries of Defense, Veterans Affairs, or Transportation in EXECUTIVE ORDER 14251.

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this

Request as it explicitly requests documents and information covered by the deliberative process and other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant. Defendants further object as communications regarding non-parties are not relevant to this case. Defendants further object to this Request as events after publication of the Executive Order on March 27, 2025 are irrelevant to Plaintiffs' claims.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 16:** All COMMUNICATIONS dated January 20, 2025 through April 30, 2025, between OPM, OMB, DOGE or the Executive Office of the President and any NON-PARTY discussing or referring to whether or not EXECUTIVE ORDER 14251 would apply to the Bureau of Engraving and Printing within Defendant U.S. Department of the Treasury.

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant. Defendants further object as communications regarding non-parties are not relevant to this case. Defendants further object to this Request as events after publication of the Executive Order on March 27, 2025 are irrelevant to Plaintiffs' claims.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 17:** All COMMUNICATIONS dated January 20, 2025 through April 30, 2025 between any FEDERAL AGENCY DEFENDANT and any NON-PARTY discussing or referring to whether or not EXECUTIVE ORDER 14251 would apply to the Bureau of Engraving and Printing within Defendant U.S. Department of the Treasury.

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant. Defendants further object as communications regarding non-parties are not relevant to this case. Defendants further object to this Request as events after publication of the Executive Order on March 27, 2025 are irrelevant to Plaintiffs' claims.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 18:** All DOCUMENTS containing or referring to any analysis, assessment, calculation or other determination that any or all of the "agencies and agency subdivisions set forth in section 2 of" EXECUTIVE ORDER 14251 "have as a primary function intelligence, counterintelligence, investigative, or national security work," on which EXECUTIVE ORDER 14251 was based.

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant. Defendants further object as communications regarding non-parties are not relevant to this case. Defendants further object to this Request because it seeks discovery to conduct a "searching inquiry" related to the President's national security determinations which is "is inconsistent with the broad statutory text and the deference traditionally accorded the President in this sphere." *Trump v. Hawaii*, 585 U.S. at 686. Defendants further object to this Request as it is vague, overly broad, and burdensome as it does not designate from whom it seeks production.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 19:** All DOCUMENTS containing or referring to any analysis, assessment, calculation or other determination that "Chapter 71 of title 5, United States Code, cannot be applied to" any or all of the "agencies and agency subdivisions set forth in section 2 of" EXECUTIVE ORDER 14251 "in a manner consistent with national security requirements and considerations."

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant. Defendants further object as communications regarding non-parties are not relevant to this case. Defendants further object to this Request because it seeks discovery to conduct a "searching inquiry" related to the President's national security determinations which is "is inconsistent with the broad statutory text and the deference traditionally accorded the President in this sphere." *Trump v. Hawaii*, 585 U.S. at 686. Defendants further object to this Request as it is vague, overly broad, and burdensome as it does not designate from whom it seeks production.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 20:** All COMMUNICATIONS between January 20, 2025 and April 30, 2025 discussing or referencing whether any or all of the "agencies and agency subdivisions set forth in section 2 of" EXECUTIVE ORDER 14251 "have as a primary function intelligence, counterintelligence, investigative, or national security work."

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this

Request as it explicitly requests documents and information covered by the deliberative process and other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant. Defendants further object as communications regarding non-parties are not relevant to this case. Defendants further object to this Request because it seeks discovery to conduct a "searching inquiry" related to the President's national security determinations which is "is inconsistent with the broad statutory text and the deference traditionally accorded the President in this sphere." *Trump v. Hawaii*, 585 U.S. at 686. Defendants further object to this Request as it is vague, overly broad, and burdensome as it does not designate from whom it seeks production. Defendants further object to this Request as events after publication of the Executive Order on March 27, 2025 are irrelevant to Plaintiffs' claims.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 21:** All COMMUNICATIONS between January 20, 2025 and April 30, 2025 discussing or referencing whether "Chapter 71 of title 5, United States Code, cannot be applied to" any or all of the "agencies and agency subdivisions set forth in section 2 of" EXECUTIVE ORDER 14251 "in a manner consistent with national security requirements and considerations."

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant. Defendants further object as communications regarding non-parties are not relevant to this case. Defendants further object to this Request because it seeks discovery to conduct a "searching inquiry" related to the President's national security determinations which is "is inconsistent with the broad statutory text and the deference traditionally accorded the President in this sphere." *Trump v.*

*Hawaii*, 585 U.S. at 686. Defendants further object to this Request as it is vague, overly broad, and burdensome as it does not designate from whom it seeks production. Defendants further object to this Request as events after publication of the Executive Order on March 27, 2025 are irrelevant to Plaintiffs' claims.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 22:** All DOCUMENTS, including COMMUNICATIONS, dated January 20, 2025 to March 27, 2025 in the possession of OMB, OPM, DOGE, or the Executive Office of the President discussing or referring to Plaintiff the American Federation of Government Employees (AFGE) or AFGE President Everett Kelley.

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant. Defendants further object to this Request as irrelevant and overly broad because it seeks communications regarding the relevant union which are unrelated to this case.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 23:** All DOCUMENTS, including COMMUNICATIONS, dated January 20, 2025 to March 27, 2025 in the possession of OMB, OPM, DOGE, or the Executive Office of the President discussing or referring to Plaintiff the American Federation of State, County and Municipal Employees.

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and

other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant. Defendants further object to this Request as irrelevant and overly broad because it seeks communications regarding the relevant union which are unrelated to this case.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 24:** All DOCUMENTS, including COMMUNICATIONS, dated January 20, 2025 to March 27, 2025 in the possession of OMB, OPM, DOGE, or the Executive Office of the President discussing or referring to Plaintiff the National Nurses Organizing Committee/National Nurses United.

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant. Defendants further object to this Request as irrelevant and overly broad because it seeks communications regarding the relevant union which are unrelated to this case.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 25:** All DOCUMENTS, including COMMUNICATIONS, dated January 20, 2025 to March 27, 2025 in the possession of OMB, OPM, DOGE, or the Executive Office of the President discussing or referring to Plaintiff the Service Employees International Union.

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and

other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant. Defendants further object to this Request as irrelevant and overly broad because it seeks communications regarding the relevant union which are unrelated to this case.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 26:** All DOCUMENTS, including COMMUNICATIONS, dated January 20, 2025 to March 27, 2025 in the possession of OMB, OPM, DOGE, or the Executive Office of the President discussing or referring to Plaintiff the National Association of Government Employees.

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant. Defendants further object to this Request as irrelevant and overly broad because it seeks communications regarding the relevant union which are unrelated to this case.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 27:** All DOCUMENTS, including COMMUNICATIONS, dated January 20, 2025 to March 27, 2025 in the possession of OMB, OPM, DOGE, or the Executive Office of the President discussing or referring to Plaintiff the National Federation of Federal Employees.

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and

other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant. Defendants further object to this Request as irrelevant and overly broad because it seeks communications regarding the relevant union which are unrelated to this case.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 28:** All DOCUMENTS, dated January 20, 2025 to March 27, 2025, and not otherwise produced in response to prior requests, describing, discussing, or referring to lawsuits, grievances, news statements, press releases, speeches, or social media activity by PLAINTIFFS. This Request does not include documents within the possession of Defendant Department of Justice or other FEDERAL AGENCY DEFENDANTS created for the purpose of defending any litigation.

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process, attorney client privilege, attorney work product privilege, and other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant. Defendants further object to this Request as it seeks information and documents that are publicly available. *See* Fed. R. Civ. P. 26(b)(2)(C)(ii).

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 29:** All DOCUMENTS, dated January 20, 2025 to March 27, 2025, and not otherwise produced in response to prior requests, in the possession of OMB, OPM, DOGE, or the Executive Office of the President, discussing or referring to the International Brotherhood of Teamsters, International Association of Fire Fighters, and National Fraternal Order of Police, and EXECUTIVE ORDER 14251 or collective bargaining.

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant. Defendants further object to this Request as irrelevant and overly broad because it seeks communications regarding the unions not a party to this case.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 30:** DOCUMENTS sufficient to show all Collective Bargaining Agreements that have been terminated as a result of Executive Order 14251.

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant. Defendants further object to this Request as irrelevant and overly broad because it seeks information regarding the cancellation of CBAs with unions who are not a party to this lawsuit. Defendants further object to this Request as it seeks information that is readily available to Plaintiffs, as they received notifications if and when their CBAs were terminated. *See* Fed. R. Civ. P. 26(b)(2)(C)(ii).

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 31:** All DOCUMENTS that contain or otherwise relate to the facts or information that DEFENDANTS contend refute, in any way, the allegations that

DEFENDANTS retaliated and discriminated against PLAINTIFFS for First Amendment protected activity, as set forth in the Complaint in this action.

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant. Defendants further object to this Request because it is duplicative of all of Plaintiffs' previous requests. Defendants further object to this Request because it seeks Defendants' legal arguments or strategies as this information is covered by the attorney client and attorney work product privileges.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 32:** All DOCUMENTS that contain or otherwise relate to the facts or information that DEFENDANTS contend refute, in any way, any other allegations set forth in the Complaint in this action.

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant. Defendants further object to this Request because it is duplicative of all of Plaintiffs' previous requests. Defendants further object to this Request because it seeks Defendants' legal arguments or strategies as this information is covered by the attorney client and attorney work product privileges.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION 33:** All DOCUMENTS that contain or otherwise relate to the facts or information that DEFENDANTS contend support any affirmative defenses to the claims set forth in the Complaint.

**Objections:** Defendants hereby incorporate all the foregoing general objections. Defendants further object to this Request as it explicitly seeks information from the White House, including documents protected by the Presidential communications privilege. Defendants further object to this Request as it explicitly requests documents and information covered by the deliberative process and other privileges. Defendants further object to this Request as the Court may not consider evidence beyond the facially neutral Executive Order. As such, any other potential discovery in this matter is irrelevant. Defendants further object to this Request because it is duplicative of all of Plaintiffs' previous requests. Defendants further object to this Request because it seeks Defendants' legal arguments or strategies as this information is covered by the attorney client and attorney work product privileges.

**Answer:** Defendants object to this Request and to all discovery in this matter. Defendants will not produce any documents pursuant to this Request.

Dated August 12, 2026.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC HAMILTON
Deputy Assistant Attorney General

TYLER BECKER
Counsel to the Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director, Federal Programs Branch

NOAH T. KATZEN
Assistant Branch Director
Civil Division, Federal Programs Branch